■ SOPHIE TOBIAS et al., Appellants, v. PETER J. KESSELER et al., Respondents.— In an action to recover damages for assault and trespass upon the person of the female plaintiff in consequence of an unauthorized operation performed by a surgeon, one of the defendants, plaintiffs appeal from so much of a resettled order of the Supreme Court, Kings County, dated May 8, 1962, as denied their motion for leave to serve an amended complaint adding a cause

of action against the surgeon based upon his malpractice or negligence. Order, insofar as appealed from, reversed, without costs and motion granted. The amended complaint shall be served within 20 days after entry of the order hereon. The original complaint alleged three causes of action, the first two based on charges of assault and trespass, and the third for loss of services and medical expenses. One and a half years later plaintiffs, by the present application, sought leave to serve an amended complaint asserting a cause of action against the defendant surgeon 1or malpractice in that, in performing an operation upon the plaintiff wife, he negligently disregarded the rules of the hospital. The surgeon urges that the proposed cause of action constitutes a new and different cause of action based on malpractice and that such an action is now barred by the Statute of Limitations. The operation took place on June 4, 1959, and the two-year statute expired on June 4, 1961. The proposed amendment involves the same agreement to operate and the same operation upon which the original causes of action are based. Under these circumstances, since the new claim is based on the same obligation or liability as is involved in the original claim, the new claim relates back to the commencement of the action and is not affected by the intervening lapse of time. Where a defendant has had notice from the beginning that a plaintiff seeks to enforce a claim against him because of some specified wrongful conduct, the reasons for invoking the Statute of Limitations do not exist; and in such a case a liberal rule should be applied in permitting amendments (*Harriss* v. *Tams*, 258 N. Y. 229). Although plaintiffs were somewhat tardy in making their application to amend, the defendant surgeon has shown no prejudice because of the delay. Ughetta, Acting P. J., Christ, Brennan, Hill and Rabin, JJ., concur.