Jones, J.
Does the fact that an independent action for wrongful death would be time-barred necessarily foreclose amendment of the complaint in a pending action for conscious pain and suffering to include the action for wrongful death? We hold that it does not.
During the pefiod from September, 1966 to May, 1967 defendant physician treated the decedent for throat ailments. The treatment was not successful and in December, 1968 the decedent brought the-present action in malpractice. While this action was pending, on June 24¡ 1969 the decedent died of carcinoma of the larynx, the condition which defendant allegedly had negligently failed to diagnose. For reasons which do not appear in this record, the decedent’s will was not probated until September 18, 1972 on which day letters testamentary issued to the present plaintiff who was promptly substituted in the surviving action for personal injuries. It was not until the following January 15, however, that tbe substituted plaintiff moved to amend the complaint in the personal injuries action to add the cause of action for wongful death. The present appeal is focused on the Appellate Division’s affirmance of the denial of that motion to amend.
We recognize that historically the cause of action for wrongful death has been considered separate and distinct from the *248 related cause of action for conscious pain and suffering. We also acknowledge that an independent action for wrongful death in this instance would have been time-barred by January 15, 1973 under the applicable Statute of Limitations — two years from the date of death (EPTL 5-4.1). Thus, unless the wrongful death action can be saved by inclusion with the surviving action for the decedent’s personal injuries, it has been lost.
The cause of action for wrongful death is the creature of statute rather than of common law, first created by the British Parliament in Lord Campbell’s Act of 1846, then established in our State by chapter 450 of the Laws of 1847, and now embodied in EPTL 5-4.1. In the same section by which the statutory cause of action is created it is provided that any such action must be commenced within two years after the decedent’s death. Were there no further applicable statutory provisions, the Statute of Limitations having been raised, the Trial Judge here would have had no choice but to deny the motion to amend as proposing a cause of action barred by the statute.
EPTL 11-3.3 (subd. [b], par. [2]), however, provides as follows: ‘ ‘ Where an action to recover damages for personal injury has been brought, and the injured person dies, as a result of the injury, before verdict, report or decision, his personal representative may enlarge the complaint in such action to include the cause of action for wrongful death under 5-4.1.” By this provision the Legislature has given the personal representative the right, if an action has already been brought fop conscious pain and suffering, to join the related cause of action for wrongful death. The question for our determination is whether, when so joined, the cause of action for wrongful death would nonetheless be barred by the two-year Statute of Limitations if application for the joinder is made more than two years after the decedent’s death.
We first consider whether the cross reference in EPTL 11-3.3 (subd. [b], par. [2]) to “ the cause of action for wrongful death under 5-4.1 ” carries with it the time limitation set down in the latter section as a substantive part of that cause of action. The time limitation was expressed as a proviso when the action for wrongful death was created (L. 1847, oh. 450), but by chapter 178 of the Laws of 1880 the form of expression in section 1902 of the Code of Civil Procedure (the statutory predecessor of *249 present EPTL 11-3.3, subd. [b], par. [2]) was changed — the cause of action was described in one sentence and the time limitation was reserved to a following, separate sentence, as now — ‘ ‘ Such an action must be commenced within two years after the decedent’s death.”
In Sharrow v. Inland Lines (214 N. Y. 101) we held that this change in form of statutory expression was significant and that thereafter the restriction of time was a procedural limitation on the remedy and not part of the substantive right created by the statute (contrast, e.g., Romano v. Romano, 19 N Y 2d 444, in which we held that a statutory time limit was an integral part of the legislatively created cause of action to annul a marriage for fraud). So construed the reference to the cause of action for wrongful death in EPTL 11-3.3 (subd. [b], par. [2]) does not import the two-year Statute of Limitations as an element of the cause of action.
But the matter cannot rest there. Although not a part of the substantive right, the two-year statute would still operate as a procedural bar to the remedy were it not for the provisions of CPLR 203 (subd. [e]). That section provides: “ A claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading.” Thus, as to the cause of action for wrongful death to be added by amendment of the complaint, this section, if applicable, takes over for purposes of determining from what date the period of limitation shall be computed. Under it that date is related back to the date the action for conscious pain and suffering was commenced. So, here, the wrongful death cause of action is not barred if CPLR 203 (subd. [e]) is available.[1]
We turn then to the question of the applicability of CPLR 203 (subd. [e]) in the circumstances disclosed in this record. *250 CPLB 203 (subd. [e]) applies “ unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences ” on which the cause of action for wrongful death is predicated. No contention is advanced here that the pleadings in the personal injury action did not give the required notice of the transactions on which the wrongful death cause of action is based, and the record affords no ground for any such contention. Indeed, it would seem that any amendment authorized by EPTL 11-3.3 (subd. [b], par. [2]) — under which death must have resulted from the same injury on which the action for personal injuries is based — will necessarily meet the notice prerequisite of CPLB 203 (subd. [e]).
Thus, we conclude that by reason of the application, in combination, of EPTL 11-3.3 (subd. [b], par. [2]) and CPLB 203 (subd. [e]) the executrix of this decedent’s estate had the right to amend the complaint in the surviving action for personal injuries to include the cause of action for wrongful death notwithstanding that the motion for such amendment was made more than two years after the decedent’s death.[2]
We observe, that policy considerations support the result dictated by our analysis of the relevant interrelated statutory provisions. Any Statute of Limitations reflects a policy that there must come a time after which fairness demands that a defendant should not be harried; the duration of the period is chosen with a balancing sense of fairness to the claimant that he shall not unreasonably be deprived of his right to assert his claim. Objectively, too, an inference is available that a genuine claim might normally be expected to have been made *251 within the period of time selected. The balancing of these considerations (and perhaps others in certain instances) leads to the legislative choice of a specific time period. The recognition of such broad principles in the application of the relevant statutes here calls for permission to amend this complaint to include the wrongful death action. While considerations of fairness to the claimant estate might not require an extension beyond the customary two-year period following the claimant’s death, and one might normally expect that means would have been found to assert this claim within that period, it cannot be said on this record that to allow the claim would work unfairness to this defendant. If there is here a provable claim, only unfairness to defendant or inescapable statutory mandate should foreclose assertion of that claim.
This defendant in any event will be required under the original pleadings to undertake defense of the issue of liability raised in the original malpractice action. Inclusion of the cause for wrongful death will not significantly expand the scope of proof or the relevant legal considerations on the issue of liability. The amendment will, of course, introduce new aspects on the issue of damages, but defendant does not suggest how the failure to bring this cause within two years after the decedent’s death has prejudiced him in the assembly or introduction of evidence in support of his defense as to such additional elements of damage. There are not here considerations of judicial repose or foreclosure of stale claims so persuasive as to compel the recognition of a time-bar.
It is suggested in the dissent that a defendant may be prejudiced with respect to proof on the issue of causation of death. This particular defendant does not press this difficulty on us. As to the future, each defendant in a personal injury action will be alerted, after the announcement of today’s decision, to the possibility, if the plaintiff dies, that the pending action may be enlarged to include the wrongful death claim even after the expiration of two years following death. Preparations for a possible defense then cannot be abandoned with the passage of two calendar years.
Even if it be accepted, as the dissenters suggest, that in the circumstances of this case no serious twinges of a sensitive conscience would be aroused if this particular claim for wrongful *252 death were barred, the individual characteristics of a specific instance cannot be permitted to weigh heavily in the resolution of issues of statutory construction, the consequences of which will extend well beyond the particular case.
On our analysis, in sum, the inclusion of the claim for wrongful death is not “ supplemental ” in the sense that it is based on “ subsequent transactions ”. The participation of the defendant, on which his liability, if any, must be predicated, had drawn to full conclusion before service of the complaint in the action for conscious pain and suffering. And by service of the original pleadings he was put fully on notice as to what it was claimed he had done or omitted or both for which it was then and is now asserted that he is liable. The injured person’s death is simply an additional consequence of defendant’s conduct for which he may be held responsible as surely would be true in more familiar instances of additionally discovered elements of damages.
We hold that it was error as a matter of law to have denied the motion to amend the complaint as proposed. Accordingly, the order of the Appellate Division should be reversed and the motion to amend should be granted.

. In passing we note the apparent incongruity in considering a wrongful death action to have been interposed prior to death. CPLR 203 creates a legally effective fiction as to the date of interposition. As with other fictions in the law it does not unduly dismay us that the statutorily created fiction does not conform to the facts. Indeed the fiction is laid down for the very purpose of commanding a legal result which, without the fiction, would not follow from the facts.

. To avoid any possible unintended inference to be drawn from the reasoning on which we base our ultimate determination in this case, we note that because we conclude, on authority of Sharrow v. Inland Lines (214 N Y. 101, supra) that the two-year time limitation of EPTL 5-4.1 is not an integral part of the substantive cause of action for wrongful death, we do not wish to be understood to imply that were we to judge that the time limitation was such a part we would necessarily hold that CPLB 203 (subd. [e]) would be inapplicable. It could be argued that provisions laying down the “ method of computing periods of limitation generally ” should be interpreted to apply to a period of limitation prescribed as an element of the substantive right as well as to the more familiar procedural Statutes of Limitation. In the disposition of this case we do not, however, reach this issue and imply no view with respect to its proper resolution.