■ ALICE L. MARTENS et al., Respondents, v MERCY HOSPITAL et al., Appellants, et al., Defendant.—In a medical malpractice action, the appeals, as limited by the brief of defendant Mercy Hospital, are from so much of an order of the Supreme Court, Nassau County, dated September 20, 1977, as granted the branches of plaintiffs' motion which sought leave to serve a supplemental (amended) complaint and an amended bill of particulars and granted an examination before trial as to the claims asserted therein. Order

modified by deleting the provisions which granted plaintiffs leave to serve an amended complaint and an amended bill of particulars and which deemed those papers served, and substituting therefor provisions that plaintiffs' motion to amend is granted only as to the March, 1972 hospitalization and that the motion to amend is denied as to the October, 1972 hospitalization. As so modified, order affirmed insofar as appealed from, without costs or disbursements. Plaintiffs' time to serve an amended complaint and an amended bill of particulars is extended until 20 days after service upon them of a copy of the order to be made hereon, together with notice of entry thereof. We agree with Special Term that the amendments to the complaint and bill of particulars with respect to the female plaintiff's initial hospitalization in March, 1972 were proper. The original complaint alleged that defendants negligently and carelessly failed to treat her and, further, negligently and carelessly failed to diagnose her condition. The proposed amended complaint adds that in October, 1972, upon her readmission to the hospital, defendants negligently failed to diagnose a condition described as hydrocephalus and instead negligently diagnosed her condition as an intracranial tumor, which did not exist. Since the amended papers, as to the March, 1972 treatment, involve the same series of occurrences as the original pleadings and serve to clarify allegations made in the original complaint, those claims are not barred by the Statute of Limitations (see CPLR 203, subd [e]; *Vastola v Maer,* 48 AD2d 561, affd 39 NY2d 1019). However, the allegations with respect to the female plaintiff's readmission to the hospital in October, 1972 are barred by the Statute of Limitations. Those claims constitute a new cause of action involving medical treatments never mentioned in the original complaint. Hopkins, J. P., Martuscello and Rabin, JJ., concur; Gulotta, J., dissents and votes to reverse the order insofar as it has been appealed from, and deny the motion, without prejudice to plaintiffs' right to serve additional bills of particulars, as necessary, for the limited purpose of supplementing the allegations of their original complaint, with the following memorandum, in which Hawkins, J., concurs: According to the allegations of the original complaint, the plaintiff wife, Alice Martens, was admitted to the defendant hospital on or about March 20, 1972 and a surgical procedure known as a bilateral carotid arteriogram was performed upon her by the defendant Nicoletti on March 22, 1972. Later that same day, the said plaintiff developed a condition described in the hospital record as "respiratory arrest", which resulted in the brain damage that prompted the instant lawsuit. The action was commenced by the service of a summons dated June 25, 1973; a verified complaint was served in September, 1973. From the allegations therein, as amplified by the bills of particulars served during December, 1973, the gravamen of the cause of action as then pleaded was the negligence of the defendants (1) in the administration of anesthesia to Mrs. Martens and (2) during her postoperative care. On or about May 24, 1977 plaintiffs moved, *inter alia,* for leave to serve an amended complaint and bill of particulars alleging, in pertinent part, Mrs. Martens' readmission to the defendant hospital on October 25, 1972, her continued care by Dr. Nicoletti, and the following allegations of negligence: "20. That the defendant [N]icoletti and the agents, servants and employees of the defendant hospital negligently and carelessly failed to diagnose a condition of hydrocephalus both in the first [March 20] and second [October 25] hospitalizations. 21. That the defendant NICOLETTI and the servants and employees of the defendant hospital negligently and carelessly diagnosed a condition of an intracranial tumor which did not exist and negligently and carelessly treated a condition which did not exist

by means of radiation." In my opinion, the alleged failure to properly diagnose the female plaintiff's hydrocephalic condition constitutes an entirely separate cause of action from that pleaded in the original complaint and, as such, cannot be regarded as having been timely interposed under CPLR 203 (subd [e]). Accordingly, that claim, which concededly accrued in 1972, must be regarded as time-barred. The allegations of the original complaint relating to the alleged failure to diagnose, i.e., the asserted failure "to attend the patient with due and proper diligence and to recognize certain signs and symptoms and to take the necessary and proper and customary steps to prevent and avoid the catastrophe that thereafter resulted to the patient", clearly relate solely to the gravamen of that original action as initially pleaded, to wit, negligence in the administration of anesthesia and during postoperative recovery. The alleged failure to diagnose hydrocephalus was not even *discovered* until 1976, more than three years after the female plaintiff had been discharged from the hospital, and more than three years after she was last seen by any of the defendant doctors. Although harsh in application, I can see no way to avoid the impact of the Statute of Limitations in this case (see *Davis v City of New York,* 38 NY2d 257; *Gilbert Props. v Millstein,* 40 AD2d 100, affd 33 NY2d 857; cf. *Flanagan v Mount Eden Gen. Hosp.,* 24 NY2d 427; *Borgia v City of New York,* 12 NY2d 151; *Dobbins v Clifford,* 39 AD2d 1).