OPINION OF THE COURT
Gerard M. Weisberg, J.
The questions presented by this motion are (1) whether a claim filed by permission may be amended as of right, and (2) whether a cause of action for false arrest “relates back” to a proposed claim for personal injuries for purposes of the Statute of Limitations.
On October 24,1979 claimant filed a motion to permit the late filing of a claim. The facts supporting this application *568 were that on October 26, 1978 claimant was shot in the leg by his father-in-law, Frank Cassidy, a peace officer and clerk of the Civil Court of the City of New York, Queens County. The incident occurred while claimant was removing personal property from his former residence, then occupied by his estranged wife. Personal injuries were allegedly inflicted by Cassidy while in the course of his employment as a peace officer in that Cassidy was attempting to effectuate an arrest for violation of an order of protection issued by the Family Court. Cassidy arrested and caused a complaint to be filed against claimant for violation of sections 120.05 and 205.30 of the Penal Law (assault in the second degree and resisting arrest), which charges were dismissed by the criminal court after a preliminary hearing and other proceedings.
In connection with the prior motion, a proposed claim was submitted which stated: “[t]he nature of the claim: Personal injuries sustained as the result of a gun shot wound suffered by claimant, when he was lawfully on the street. Said gun shot wound being inflicted on him by one Frank Cassidy, a clerk of the [sic] employed by the State of New York, in the course of his duties.” While criticizing the brevity of this proposed pleading, the court stated in its opinion, inter alla, that the supporting documents and exhibits sufficiently established reasonable cause to believe that causes of action for intentional tort and/or negligence existed. (Citing Foley v D’Agostino, 21 AD2d 60.) By order dated March 11,1980, this court granted the motion stating that “[a] claim shall be served and filed in accordance with the Court of Claims Act and the applicable Rules of this Court”. Ostensibly pursuant to this order, claimant served and filed two documents on April 15, 1980: (1) a claim verified October 10, 1979 reciting in haec verba the allegations of the proposed claim previously submitted, except that the date of the occurrence was changed to reflect the court’s findings with respect thereto, and (2) a claim verified April 11, 1980 which alleges causes of action for willful, wanton and negligent assault and battery, false imprisonment, false arrest and malicious prosecution, all arising from the same set of facts as previously pleaded and setting forth in the claim itself (as distinguished from *569 affidavits, affirmations and exhibits), the facts underlying said causes of action.
The State has moved to dismiss both of these claims on the theory that neither is in compliance with the court’s order. Claimant argues in opposition that the document verified on April 11, 1980 is an amended claim, although not so designated, which could be filed as of right pursuant to subdivision (a) of rule 16 of the Rules of the Court of Claims (22 NYCRR 1200.16 [a]). Claimant cross-moves in the alternative to permit the amendment of the claim by leave of court, or to allow its late filing. (22 NYCRR 1200.16 [b]; Court of Claims Act, § 10, subd 6.) The State argues in opposition to the cross motion that the causes of action for assault, battery, false imprisonment and false arrest are time barred in that more than one year has elapsed since the date of the alleged occurrence and that said causes of action, as well as the one for malicious prosecution, are untimely by virtue of subdivision 3 of section 10 of the Court of Claims Act.
The threshold question is whether a claim filed by permission may be amended as of right. Subdivision (a) of rule 16 of the Rules of the Court of Claims provides: “Amendments without leave. A party may amend his pleadings once without leave of court within 20 days after its service, or at any time before the period for responding to it expires, or within 20 days after service of a pleading responding to it.” (Cf. CPLR 3025, subd fa].) The rule draws no distinction between claims originally filed in compliance with subdivision 3 of section 10 of the Court of Claims Act, and those which were permitted to be filed in the discretion of the court, and a literal application of the rule would legitimize the amendment now sought to be made. However, the manifest prejudice to the State in allowing such a procedure is that causes of action which had not undergone prior judicial scrutiny under the criteria set forth in subdivision 6 of section 10 of the Court of Claims Act might be added to the claim, thus making it possible to enlarge the State’s liability. Under such an interpretation, once any cause of action had been permitted to be filed against the State, claimant could amend as of right to in- *570 elude other liabilities which might not have survived “late claim” treatment initially, or which may have become time barred since the filing of the original late claim motion. (See Harriss v Tams, 258 NY 229, to the effect that an amendment filed as of right overcomes the bar of the Statute of Limitations on any cause of action which has expired ad interim; 1 Weinstein-Korn-Miller, NY Civ Prac, par 203.33; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3025.09.)
The court therefore holds by necessary implication that 22 NYCRR 1200.16 (a) does not apply to a claim which was filed by permission. Where, pursuant to subdivision 6 of section 10 of the Court of Claims Act, the court directs that a claim be filed, it is the proposed claim which was tendered upon the motion which must be filed in haec verba or with such alterations as the court may have directed.[1] Leave of court must be obtained for any subsequent amendments.
The primary impediment to allowing the amendment is the State’s objection that the causes of action asserted in the amended claim for assault, battery, false arrest and false imprisonment are time barred, since, as the court stated in Citibank (N. Y. State), N.A. v Suthers (68 AD2d 790, 795), “ [CPLR 3025] does not require courts to permit futile amendments. Thus, where it is clear from the original and amended pleadings that the Statute of Limitations has expired, leave to amend may be denied (Martens v Mercy Hosp., 64 AD2d 604; Lewis v Wilson & Co., 275 App Div 9, 12; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3025.23).”
Preliminarily, the causes of action for assault, battery and negligence were explicitly dealt with upon the prior motion and were timely asserted within one year (intentional tort) and three years (negligence) from accrual, having been interposed on October 24, 1979. (CPLR 214, 215; Vastola v Maer, 48 AD2d 561.) The cause of action for false arrest[2] accrued on October 26, 1978, the date on which claimant was arraigned and released on bail. (Schild *571 haus v City of New York, 23 AD2d 409, affd 17 NY2d 853, cert den 385 US 906; Molyneaux v County of Nassau, 22 AD2d 954, affd 16 NY2d 663; Tunia v State of New York, 78 AD2d 575.) The cause of- action for malicious prosecution accrued when criminal proceedings were terminated in claimant’s favor on September 18, 1979 (Matter of Beary v City of Rye, 44 NY2d 398), and was timely interposed on April 11, 1980 for purposes of the Statute of Limitations, but not as to subdivision 3 of section 10 of the Court of Claims Act, which requires that a claim or notice of intention be filed within 90 days of accrual.
The amended claim was served and filed on April 15, 1980, more than one year from the accrual of the cause of action for false arrest. The question is whether by virtue of CPLR 203 (subd [e]), this cause of action relates back to the interposition of claimant’s motion to file a late claim on October 26,1979, at which time the cause of action would have been timely. CPLR 203 (subd [e]) provides: “(e) Claim in amended pleading. A claim asserted in an amended pleading is deemed to have been interposed, at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading.”
In Caffaro v Trayna (35 NY2d 245), the court held that a cause of action for wrongful death asserted in a proposed amendment interposed more than two years after the date of death, related back to a timely action for personal injuries predicated upon the same accident. The cause of action for wrongful death was thus held timely notwithstanding it had not yet accrued when the original complaint was served. (See, also, Citibank [N. Y. State], N.A. v Suthers, supra; Tobias v Kesseler, 18 AD2d 1094.) Similarly, in Andrews v Donabella (60 Misc 2d 1007), it was held that a complaint for personal injuries gave sufficient notice to the defendant to support the assertion of an otherwise untimely property damage claim. In Mastandrea v State of New York (57 AD2d 679), a cause of action for malicious prosecution was held to relate back to a timely filed claim for false arrest for purposes of section 10 of the Court of *572 Claims Act. (Cf. Rand v New York Times., 75 AD2d 417.) These authorities illustrate the broad scope of CPLR 203 (subd [e]). Caffaro and Mastandrea in-particular, necessitate the conclusion that the interposition of a timely claim tolls both the Statute of Limitations and section 10 of the Court of Claims Act for all subsequent claims arising from the same factual nexus, and any subsequent related facts. This interpretation eliminates the technical bar of the Statute of Limitations where the defendant has received actual notice of the basic factual occurrence upon which the claim is founded, even though the initial pleading may have been incompletely or inartfully drawn. This is in accord with the purpose of the Statute of Limitations which is to foreclose stale claims, but not to punish litigants for technical defects in pleading.
Unquestionably, the false arrest arises from the same factual nexus as the claim for assault, battery and negligence. The court specifically noted and relied upon claimant’s arrest in the prior opinion as bearing upon a crucial element of the proposed claim — that the injuries were inflicted “in the course of employment.” Thus, the arrest was a material fact to be proved under the explicit allegations of the proposed claim, and was pleaded in the documents supporting the application. To say now, as the State does, that the assertion of a cause of action predicated upon the same arrest is something new, is both hypertechnical and contrary to the facts. While the proposed claim did not plead the arrest per se, we note that in Caffaro (supra), the fact of death was not, and clearly could not have been pleaded in the original complaint, since it had not yet occurred. The arrest in the case at bar was a continuation of the original injury in the same sense as the death in Caffaro, and makes a stronger case for relation back, since the arrest occurred on the same day as the shooting. Accordingly, the court holds that the cause of action for false arrest is not time barred. (See, also, Carlisle v County of Nassau, 75 AD2d 593; Watso v City of New York, 39 AD2d 960.)
Regarding the motion to amend, the facts necessary to support all of the causes of action pleaded in the amend *573 ment were set forth in documents supporting the prior motion. In granting, the late claim, the court relied upon these documents, applying the test adopted in Matter of Santana v New York State Thruway Auth. (92 Misc 2d 1), which necessitates examination of the claim’s factual basis in a manner transcending the formal allegations of the proposed claim. At that time, the court assessed the six factors delineated by subdivision 6 of section 10 of the Court of Claims Act finding the exercise of discretion in claimant’s favor to be warranted. This determination was not appealed by the State. Insofar as any of the causes of action now asserted are technically late, the issues relative to subdivision 6 of section 10 of the Court of Claims Act are similar in nature to those raised upon the prior motion and the court finds in claimant’s favor with respect thereto. The amendment presently sought to be made does no more than to amplify the facts upon which the court has already ruled, setting forth in greater detail the legal theories upon which liability is predicated. Indeed, the necessity for such an amendment was foreshadowed by the court’s earlier criticism of the proposed claim. The State has not alleged any substantial prejudice which would flow from permitting the amendment to be filed, nor could such prejudice be demonstrated since the State had notice on October 24,1979 of all the facts necessary to support the causes of action now sought to be pleaded. As Judge O’Shea recently stated in Zeller v State of New York (Court of Claims, Sept. 2, 1980, p 4): “[b]oth CPLR 3025, subd. [b] and 22 NYCRR 1200.16 [b] require that leave to amend be ‘freely given upon such terms as may be just.’ Absent prejudice to the opposing party, the amendment must be granted. McCormack v State of New York, 51 AD2d 28 affd 44 NY2d 774.”
Accordingly, the State’s motion to dismiss is denied and claimant’s cross motion to amend the claim and for permission to file a late claim is granted.

. Both claims are in conformity with the court’s order insofar as they reflect the date of occurrence as October 26, 1978.

. “The tort of false arrest is essentially the same as the tort of false imprisonment” (Blanchfield v State of New York, 104 Misc 2d 21, 24).