OPINION OF THE COURT
Frank Composto, J.
In this medical malpractice action, defendants, by a prior notice of motion dated March 2, 1983, moved for an order pursuant to CPLR 3212 seeking summary judgment dismissing plaintiff’s second cause of action for wrongful death as to defendant Berens, and dismissing the third cause of action for loss of services and consortium as to both defendants.
The main argument advanced in the prior motion for dismissal of the wrongful death action was that the summons and complaint, containing all three causes of action, were served beyond the two-year Statute of Limitations and thus, the action for wrongful death was time barred. Defendants argued that the summons and complaint should have been served on or before October 29,1978 (60-day extension pursuant to CPLR 203, subd [b], par 5) and since they were served as of January 3, 1979, at least 60 *600 days beyond the time limited, the court should dismiss said cause of action.
The court agreed and dismissed the wrongful death action without prejudice to an application to amend the complaint pursuant to CPLR 203 (subd [e]) to add the cause of action for wrongful death in an amended complaint.
With reference to the third cause of action for loss of services and consortium, defendants claimed that such action could not be referable to the wrongful death action. The court found, after examination of the complaint, that such action for loss of services and consortium referred to the malpractice action only and, therefore, denied the motion.
Plaintiff now moves for leave to serve an amended complaint to add the wrongful death cause of action pursuant to CPLR 203 (subd [e]).
Defendants cross-move, in opposition, for:
(1) Reargument of so much of the court’s prior order as it dismissed the wrongful death action as to defendant Berens with leave to plaintiff to serve an amended complaint to include a cause of action for wrongful death, and
(2) Reargument of the denial of both defendants’ motions for summary judgment dismissing the action for loss of consortium, -and
(3) For such other and further relief as the court may deem just and proper.
After oral argument, the court denied reargument of defendants’ cross motions to dismiss the action for loss of services and consortium, but reserved decision on that part of the cross motion seeking reargument of the prior motion to dismiss the wrongful death action with leave to move for permission to serve an amended complaint and also reserve decision upon the motion to serve an amended complaint.
As this matter now stands before the court, the action for wrongful death having been dismissed, the complaint alleges an action in malpractice on behalf of the estate of the decedent and an action for loss of services and consortium referable to the malpractice on behalf of the widow. Plaintiff moves to amend the complaint to add the cause of *601 action for wrongful death pursuant to CPLR 203 (subd [e]). Defendant Berens contends that the amendment could only be permitted if the malpractice action was commenced prior to the time the wrongful death action was sought to be interposed or if the malpractice action was commenced prior to the two-year limitations of the wrongful death statute. The malpractice action having been commenced beyond two years after decedent’s death, there is no timely commenced action to which the wrongful death action could relate back as required by CPLR 203 (subd [e]) and, thus, the wrongful death action is time barred and the motion to amend should be denied.
Actually, this argument was not advanced in the original motion, defendant having limited his argument to the fact that the summons and complaint, although served within the time limited to commence a malpractice action, were served beyond the time limited to commence the wrongful death action and were, therefore, time barred. Defendant Berens has not, therefore, met his burden for reargument. In an application for reargument, the party must -show that the court has overlooked or misapprehended the facts or the law or has mistakenly arrived at his decision. No new facts may be presented and normally, such motion must be made upon the original papers (see 2A Weinstein-Korn-Miller, NY Civ Prac, par 2221.03). This new argument, however, is available to defendants on a motion to renew the motion and/or in opposition to plaintiff’s motion for leave to serve an amended complaint.
The court, therefore, grants the motion to renew.
As indicated above, as this matter stands before the court, there is a pending, valid, timely commenced action to which an amendment can normally relate back. Therefore, the cases cited by defendants (Goldberg v Camp Mikan-Recro, 42 NY2d 1029; George v Mt. Sinai Hosp., 47 NY2d 170; Carrick v Central Gen. Hosp., 51 NY2d 242) are not in point.
What remains to be considered, however, is defendant Berens’ contention that, because decedent died before the personal injury action was commenced, such action was not “pending” at the time of his death, and the present attempt to amend to include the wrongful death action, cannot *602 “relate back” as required by CPLR 203 (subd [e]). Consequently, the wrongful death action is barfed by the two-year Statute of Limitations.
Ordinarily, amendments are freely granted upon such terms as may be just (see CPLR 3025, par [b]), but a court should refuse to exercise its discretion to permit amendments where an obvious defense of the Statute of Limitations would mandate dismissal. Such defense, however, may not be appropriate, in a given circumstance, in view of CPLR 203 (subd [e]).
CPLR 203 (subd [e]) provides as follows: “(e) * * * A claim asserted in an amended pleading is deemed to have been interposed, at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading.”
In Brock v Bua (83 AD2d 61, 64-65), the Appellate Division, Second Department, in construing CPLR 203 (subd [e]), stated as follows:
“That subdivision had no counterpart in prior practice statutes. It was recommended by the drafters of the CPLR merely ‘to overcome the effect of Harriss v.Tams’ (258 NY 229) and related cases (see Second Preliminary Report of Advisory Commission on Practice and Procedure, 1958, p 51). In the Harriss case the Court of Appeals held that interposition of a claim asserted for the first time in an amended pleading did not relate back to the date of service of the summons for purposes of the Statute of Limitations if it ‘introduced a cause of action upon a different obligation or liability, and for different conduct from that specified in the original complaint.’ (258 NY, at p 243.) Harriss involved only the assertion of a new legal theory against a person already a party and not the addition of a new party. At its core was the view that a defendant need only investigate the underlying facts insofar as they were relevant to the allegations of the cause of action asserted in the original complaint and that an amendment which changed legal theories and was based upon ‘different’ conduct would prejudice a defendant by requiring a belated investigation *603 of other factual circumstances after the expiration of the Statute of Limitations (see 258 NY, at pp 244-245).
“By overruling Harriss v Tams (supra), the practical effect of subdivision (e) of CPLR 203 was to necessitate that a defendant now make a comprehensive timely examination of all the facts regarding the transactions, occurrences, or series of transactions or occurrences of which the plaintiff’s complaint gives notice, rather than confining his preparation of a defense to only those facts disclosed in plaintiffs complaint. If the plaintiff then subsequently sought to amend his complaint to allege new causes of action arising from those transactions or occurrences, the defendant could no longer rely upon the Statute of Limitations but he would be able to prepare a defense to them on the merits.” (Emphasis supplied.)
This statement is in accord with the pronouncement of the Court of Appeals in Caffaro v Trayna (35 NY2d 245, 251): “As to the future, each defendant in a personal injury action will be alerted, after the announcement of today’s decision, to the possibility, if the plaintiff dies, that the pending action may be enlarged to include the wrongful death claim even after the expiration of two years following death. Preparations for a possible defense then cannot be abandoned with the passage of two calendar years.”
The court in Caffaro, in discussing CPLR 203 (subd [e]), stated (p 249): “Thus, as to the cause of action for wrongful death to be added by amendment of the complaint, this section, if applicable, takes over for purposes of determining from what date the period of limitation shall be computed. Under it that date is related back to the date the action for conscious pain and suffering was commenced. So, here, the wrongful death cause of action is not barred if CPLR 203 (subd. [e]) is available.”
It further appears that the determinative factors in applying CPLR 203 (subd [e]) within the circumstance herein, are:
(1) A valid pending personal injury action, and
(2) That the pending action gives notice of the transactions, occurrences, or series of transactions or occurrences on which the wrongful death is based (Caffaro v Trayna, supra, p 250).
*604 Defendant Berens does not dispute that there is a pending malpractice action, nor has defendant contended that the pleadings in the pending malpractice action does not give the required notice of the factors upon which the wrongful death action is based. Parenthetically, the court in Caffaro went further to state (p 250): “Indeed, it would seem that any amendment authorized by EPTL 11-3.3 (subd. [b], par. [2]) — under which death must have resulted from the same injury on which the action for personal injuries' is based — will necessarily meet the notice prerequisite of CPLR 203 (subd. [e]).”
EPTL 11-3.3 (subd [b], par [2]) provides: “(2) Where an action to recover damages for personal injury has been brought, and the injured person dies, as a result of the injury, before verdict, report or decision, his personal representative may enlarge the complaint in such action to include the cause of action for wrongful death under 5-4.1.”
The Caffaro court (35 NY2d 245, supra) concluded by stating at page 252: “On our analysis, in sum, the inclusion of the claim for wrongful death is not ‘supplemental’ in the sense that it is based on ‘subsequent transactions’. The participation of the defendant, on which his liability, if any, must be predicated, had drawn to full conclusion before service of the complaint in the action for conscious pain and suffering. And by service of the original pleadings he was put fully on notice as to what it was claimed he had done or omitted or both for which it was then and is now asserted that he is liable. The injured person’s death is simply an additional consequence of defendant’'s conduct for which he may be held responsible as surely would be true in more familiar instances of additionally discovered elements of damages.” (Emphasis supplied.)
Applying the analysis of CPLR 203 (subd [e]) as demonstrated in these two cases (Brock v Bua, supra; Caffaro v Trayna, supra), the court cannot but conclude that the section must be applied liberally for the purpose of “commanding a legal result” (Caffaro v Trayna, supra, p 249, n 1). The positive effect of the application of CPLR 203 (subd [e]), after the service of the summons and complaint in the malpractice action, was to toll the Statute of Limitations in the wrongful death action for all purposes. As a matter of *605 fact, it should be noted that the application of the “relations back” in Caffaro, resulted in the wrongful death action being interposed prior to the actual death of the plaintiff (see p 249, n 1).
This court can discern no difference in the application of this analysis, between a situation where plaintiff dies while the personal injury action is pending, from that situation, as here, where the plaintiff dies before the action for personal injury is commenced. Further, defendant has not demonstrated any prejudice or “that to allow the claim would work unfairness to this defendant.” (Caffaro v Trayna, supra, p 251.)
Accordingly, upon renewal, the court adheres to its original decision.
This decision, of course, permits plaintiff to pursue her application to amend the complaint. However, upon the papers presented, said application must be denied without prejudice to another application upon proper papers.
It has been repeatedly held that upon an application to amend a complaint to add a cause of action for wrongful death, the plaintiff must present an affidavit of merit and an affidavit of a physician showing a causal connection between the injury and the death. The affirmation of the attorney does not replace the affidavit of merit of the plaintiff (see De Rosa v Di Benedetto, 86 AD2d 648; Vastola v Maer, 48 AD2d 561, 567, affd 39 NY2d 1019).