■ LINDA MUNTNER, Appellant, v JULES V. LANE, Doing Business as JULES V. LANE D.D.S. and/or JULES V. LANE, D.D.S., P. C., Respondent.—In an action to recover damages for dental malpractice, plaintiff appeals from an order of the Supreme Court, Suffolk County (Di Paola, J.), dated November 29, 1984, which denied her motion for leave to serve an amended verified complaint and bill of particulars.

Order reversed, without costs or disbursements, and motion granted. Plaintiff's amended verified complaint and bill of particulars are deemed served. Defendant's time to answer the amended verified complaint is extended until 20 days after service upon him of a copy of the order to be made hereon, with notice of entry.

The instant action, commenced July 1981, arises out of the alleged negligent dental treatment rendered by defendant to plaintiff during the period from October 1979 to November 26, 1980. The verified complaint and bill of particulars essentially alleged that defendant improperly performed or failed to perform endodontic procedures upon plaintiff including improper treatment of her maxillar (upper) cuspid. Thereafter, plaintiff, under the care of another dentist, discovered that a post allegedly inserted by defendant in her mandibular (lower) left bicuspid was a carpenter's nail, the use of which clearly violated accepted dental practice. In July 1984, plaintiff moved to amend her verified complaint and bill of particulars to include specific allegations of negligence with respect to this newly discovered injury. Special Term denied the motion. We disagree, and, accordingly, reverse.

CPLR 203 (e) provides as follows: "(e) Claim in amended pleading. A claim asserted in an amended pleading is deemed to have been interposed, at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading".

Based on the record before us, we conclude that the claim sought to be raised in the amended pleadings relates back to the original transaction or occurrence alleged in the verified complaint and bill of particulars in such a way that defendant could have had proper notice thereof (cf. Heitczman v Muran, 75 AD2d 805). On this point, it is emphasized that the original pleadings allege negligent performance of proper endodontic procedures, which would encompass the alleged insertion of a carpenter's nail in plaintiff's tooth. In view thereof, the additional claim of negligent treatment of plaintiff's mandibular (lower) left bicuspid is timely since it is deemed to relate back and to have been interposed at the time the original pleadings were served for purposes of the Statute of Limitations (see, Caffaro v Trayna, 35 NY2d 245; T. R. Am. Chems. v Seaboard Sur. Co., 116 Misc 2d 874). Parenthetically, we note that while plaintiff is hereby given leave to amend her original pleadings to include this additional claim of negligence, she will still be required to prove at trial that defendant is, in fact, responsible for the alleged use of a carpenter's nail in the treatment of the lower tooth which is the subject of this action.

In conclusion, we note that plaintiff's delay in bringing the instant motion was not adequately explained; however, under the circumstances of this case, we determine that there was

no prejudice to defendant's case and therefore the delay does not warrant denial of plaintiff's motion *(see,* CPLR 3025 [b]). Mollen, P. J., Gibbons, Niehoff, Brown and Eiber, JJ., concur.