■ MICHAEL SPORN et al., Appellants, v SUN REFINING MARKETING COMPANY, Respondent, et al., Defendant.—In an action to recover damages for intentional tort, the plaintiffs

appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Christ, J.), dated April 22, 1988, as granted that branch of the motion of the defendant Sun Refining & Marketing Company, sued herein as Sun Refining Marketing Company, which was for summary judgment dismissing the complaint insofar against as it is asserted against it, and as denied their cross motion for leave to serve an amended complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The motion of the defendant Sun Refining & Marketing Company (hereinafter Sun) for summary judgment was properly granted, as the torts alleged in the complaint are alleged to have been committed solely by the defendant 174-02 Horace Harding Expressway Service Center, Inc.

Moreover, under the circumstances of this case, including the plaintiffs' approximately 2½-year delay in seeking leave to serve an amended complaint, the Supreme Court did not improvidently exercise its discretion in denying the plaintiffs' cross motion (see, Mente v Wenzel, 158 AD2d 775). Sullivan, J. P., Balletta and Rosenblatt, JJ., concur.

Harwood, J., concurs in part and dissents in part and votes to modify the order appealed from, by deleting the provision thereof which denied the plaintiffs' cross motion for leave to serve an amended complaint and substituting therefor a provision granting the cross motion to the extent of authorizing the plaintiffs to serve an amended complaint alleging against Sun Refining & Marketing Company a cause of action sounding in negligence and otherwise denying the cross motion, and as so modified, to affirm the order insofar as appealed from, with the following memorandum: While I agree with my colleagues in the majority that summary judgment was properly granted to the defendant Sun Refining & Marketing Company (hereinafter Sun) dismissing the complaint insofar as it alleged a cause of action to recover damages for intentional tort, it is my opinion that the plaintiffs' cross motion for leave to serve an amended complaint so as to interpose in the third cause of action in the proposed amended complaint a cause of action sounding in negligence, should have been granted.

In this case the plaintiff Michael Sporn was the holder of a credit card issued by Sun. On May 21, 1984, he drove his automobile into the premises of the defendant 174-02 Horace Harding Expressway Service Center, Inc. (hereinafter Horace Harding), a franchise of Sun, to purchase gasoline. It is

alleged in the original and proposed amended complaint that he presented his credit card to pay for the gasoline, and was pulled from his car when employees of Horace Harding "check[ed] information provided by the defendant [Sun] which set forth that the credit card of plaintiff [Michael Sporn] was stolen". The plaintiff Michael Sporn was detained and criminally charged with theft of services, which charges he alleges, without contradiction, were ultimately dismissed.

The plaintiffs sued both defendants for damages, advancing the intentional tort theories of assault, false imprisonment, defamation and malicious prosecution. Some time after issue was joined by Sun, it successfully moved for summary judgment dismissing the complaint as against it, asserting that the intentional acts of which the plaintiffs complain were committed solely by the defendant Horace Harding. That assertion, supported by an appropriate evidentiary affidavit, is not refuted by the plaintiffs, whose suggestion on appeal that Sun is vicariously liable for the acts of the defendant Horace Harding is not properly before us (see, e.g., Schoonmaker v State of New York, 94 AD2d 741). But in light of the plaintiffs' sworn allegations which support the claim that the defendant Sun negligently closed the plaintiff Michael Sporn's credit card account and negligently misinformed the defendant Horace Harding that the credit card the plaintiff Michael Sporn presented was a stolen one, the Supreme Court should have granted the plaintiffs' cross motion to the extent indicated.

It is well settled that, in the absence of prejudice or surprise and unless the pleading is palpably improper or legally insufficient, leave to serve an amended pleading should freely be given (CPLR 3025 [b]; see, Texaco Inc. v Gerber, 128 AD2d 864; Barnes v County of Nassau, 108 AD2d 50, 52). Here, Sun's assertion that a negligence cause of action is now time barred is incorrect. Because the defendant Sun has had notice from the outset of the occurrences on which this litigation is premised, including how its own conduct could be claimed to have contributed to them, the negligence cause of action the plaintiffs now seek to interpose relates back to and is deemed to have been interposed when the original, timely pleading was served (CPLR 203 [e]; see, Muntner v Lane, 116 AD2d 702, 703; Tobias v Kesseler, 18 AD2d 1094). Moreover, although the plaintiffs' cross motion was somewhat belated, the defendant Sun failed to demonstrate the existence of prejudice resulting from that delay (see, Muntner v Lane, supra, at 703-704; Tobias v Kesseler, supra).

The original complaint alleged in its first cause of action:

*"FIFTH:* That on May 21, 1984, the plaintiff MICHAEL SPORN was lawfully on the premises of the defendants SUN REFINING MARKETING COMPANY and 174-02 HORACE HARDING EXPRESSWAY SERVICE CENTER, INC.

*"SIXTH:* That while lawfully on the premises of the defendants SUN REFINING MARKETING COMPANY and 174-02 HORACE HARDING EXPRESSWAY SERVICE CENTER, INC., the plaintiff MICHAEL SPORN made a purchase of gas from the defendants SUN REFINING MARKETING COMPANY and 174-02 HORACE HARDING EXPRESSWAY SERVICE CENTER, INC.

*"SEVENTH:* That the plaintiff MICHAEL SPORN presented to an agent and or employee of the defendant, 174-02 HORACE HARDING EXPRESSWAY SERVICE CENTER, INC. his credit card for the purchase of gas.

*"EIGHTH:* That an agent and or employee of the defendant 174-02 HORACE HARDING EXPRESSWAY SERVICE CENTER, INC. thereafter came and physically pulled the plaintiff, MICHAEL SPORN from his motor vehicle.

*"NINTH:* Upon information and belief at all times hereinafter mentioned the plaintiff MICHAEL SPORN was physically pulled from his motor vehicle as a result of agents and or employees of 174-02 HORACE HARDING EXPRESSWAY SERVICE CENTER, INC. checking information provided by the defendant SUN REFINING MARKETING COMPANY which set forth that the credit card of plaintiff was stolen.

*"TENTH:* That by reason of the foregoing the plaintiff MICHAEL SPORN was caused to and did sustain serious and upon information and belief permanent personal injuries".

In my view this provided ample notice to Sun that the plaintiffs contended from the outset that it was Sun's negligence that caused the plaintiff Michael Sporn to suffer the injury and damage he claims befell him. I would therefore substitute our discretion for that of Supreme Court and grant the plaintiffs' cross motion for leave to serve an amended complaint to the extent of authorizing them to interpose a negligence cause of action against the defendant Sun as set forth in the third cause of action in the proposed amended complaint.