■ RAYMOND S. NOWAK, as Administrator of the Estate of MARY A. NOWAK, Deceased, Appellant, v PETER SHERMAN, Defendant, and FORD MOTOR COMPANY, Respondent. (Appeal No. 1.)—Order reversed on the law with costs and motion granted. Memorandum: Supreme Court erred in denying plaintiff's motion to serve an amended complaint and supplemental bill of particulars to add a cause of action for wrongful

death. The action arises from a motor vehicle accident. The original complaint alleges that Mary Nowak was seriously injured when the vehicle in which she was riding was struck in the rear by a vehicle owned and operated by defendant Peter Sherman. In the original complaint Mrs. Nowak alleged that her injuries resulted from a design defect in her car and from Mr. Sherman's negligence in operating his car. In her original bill of particulars Mrs. Nowak alleged that she suffered serious injuries, including fractures of her pelvis, neck and cervical spine and various internal injuries which required her to be hospitalized for six months. Mrs. Nowak died on September 19, 1986. A physician who attended her has alleged that surgery was performed in 1986 to correct severe injuries she suffered from the original automobile accident and that these injuries eventually led to her death. Under these circumstances, and in recognition of the fact that leave to amend "shall be freely given" (CPLR 3025 [b]), plaintiff should be permitted to amend the complaint and bill of particulars to add a cause of action for wrongful death.

This cause of action is not time barred and is deemed to have been interposed at the time the original complaint was served because the original pleadings gave defendants "notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading" (CPLR 203 [e]; *see also, Caffaro v Trayna*, 35 NY2d 245; *Douglas v New York City Tr. Auth.*, 91 AD2d 1057). Here, as in *Caffaro v Trayna (supra,* at 252), "[t]he injured person's death is simply an additional consequence of defendant's conduct for which he may be held responsible as surely would be true in more familiar instances of additionally discovered elements of damages."

All concur, except Boomer and Balio, JJ., who dissent and vote to affirm, in the following memorandum.

Boomer and Balio, JJ. (dissenting). We would affirm for the reason stated by Supreme Court that, under the particular circumstances of this case, the complaint in the pending personal injury action "[did] not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading" (CPLR 203 [e]; *cf., Caffaro v Trayna*, 35 NY2d 245). Here, a disputed element necessary to defendant's liability in the wrongful death cause of action sought to be interposed in the amended pleading is the proximate cause of death. More than 10 years after she received injuries in an automobile accident, plaintiff's decedent died as the result of complications from an operation.

The original pleading in the personal injury action did not put defendant on notice that a subsequent operation would be necessary to treat the original injuries or that death was possible either as a result of the original injuries or as a result of a subsequent operation.

In *Caffaro v Trayna (supra)*, relied upon by the majority, the original pleading alleged that defendant failed to diagnose plaintiff's cancer of the larynx, the condition which later caused her death. There, no issue was raised concerning the cause of death nor could it have been on the record before the court. Thus, the defendant was put on notice by the original pleading of all the transactions or occurrences relating to the cause of action for wrongful death. Here, the original pleading did not put defendant on notice of the transactions or occurrences necessary to prove a seriously disputed element of the cause of action for wrongful death, the cause of death. (Appeal from order of Supreme Court, Erie County, Mintz, J.—amended complaint.) Present—Dillon, P. J., Callahan, Boomer, Green and Balio, JJ.