■ DELORES HOWARD, as Administratrix of the Estate of STEPHANIE HOWARD, Deceased, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 74328.)—Order unanimously affirmed with costs. Memorandum: Claimant's intestate, Stephanie Howard, died on November 1, 1985, allegedly as the result of negligent medical care at SUNY Health Science Center, a medical facility operated by the State of New York. On October 29, 1986, claimant was appointed administratrix of the estate of Stephanie Howard and on January 15, 1987, she filed a notice of claim against the State of New York for wrongful death and for personal injuries suffered by decedent prior to death. On November 14, 1989, the court, *sua sponte,* dismissed the matter, insofar as it asserted a claim for personal injuries, as untimely filed and served.

Thereafter, on February 12, 1990, claimant moved to file a late notice of claim for personal injuries. By order entered October 12, 1990, the court granted the motion and deemed the original claim for wrongful death amended to assert a claim for personal injuries. Defendant appeals from that order and we affirm.

The original notice of claim, insofar as it asserts a claim for wrongful death, was timely because it was filed and served within 90 days from the appointment of the administratrix and within two years of death of decedent (Court of Claims Act § 10 [2]). It was untimely, however, insofar as it asserted a claim for conscious pain and suffering. A claim for personal injury must be filed within 90 days of the accrual of the claim (Court of Claims Act § 10 [3]). Claimant was required, therefore, to seek permission of the court to file a late notice of claim for personal injuries suffered by decedent. Permission may be granted to file a late notice at any time before an action asserting a like claim against a citizen would be barred under the provisions of CPLR article 2 (Court of Claims Act

§ 10 [6]). Here, a new claim served and filed pursuant to the order entered October 12, 1990, would be barred by CPLR 214-a, which sets a 2½ year period for commencing an action for medical malpractice. As an amendment to the original claim, however, it relates back to the original claim and is deemed interposed at the time the original claim was interposed *(see,* CPLR 203 [e]; *Kaplan v State of New York,* 152 AD2d 417, 419; *Matter of Iazzetta v State of New York,* 105 Misc 2d 567). At the time the original claim was interposed, the cause of action for personal injuries would not be barred under CPLR 214-a because, at that time, 2½ years had not elapsed from the time the claim accrued.

Thus, the court had the power, in its discretion, to permit the late filing and service of the claim for personal injuries to relate back to the date of filing and service of the original claim. Based on the proof submitted in the motion for late filing, we conclude that the court properly exercised its discretion in granting the motion. (Appeal from Order of Court of Claims, Margolis, Israel, J.—Late Notice of Claim.) Present—Boomer, J. P., Pine, Balio, Lawton and Davis, JJ.