DeLuca v PSCH, Inc. (2019 NY Slip Op 01739)





DeLuca v PSCH, Inc.


2019 NY Slip Op 01739


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
ANGELA G. IANNACCI, JJ.


2017-12866
 (Index No. 500604/15)

[*1]Jeffrey E. DeLuca, etc., respondent, 
v
PSCH, Inc., et al., appellants.


Kowalski & DeVito (McGaw, Alventosa & Zajac, Jericho, NY [Ross P. Masler], of counsel), for appellants.
Zoya Gekman, PLLC (Arnold E. DiJoseph, P.C., New York, NY [Arnold E. DiJoseph III], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated October 20, 2017. The order granted the plaintiff's motion pursuant to CPLR 3025 for leave to amend the complaint to add a cause of action to recover damages for wrongful death.
ORDERED that the order is affirmed, with costs.
On October 11, 2014, Anna Kirkland (hereinafter the decedent) allegedly was injured when she was struck by a motor vehicle that was owned and operated by the defendants. On January 16, 2015, the decedent commenced this action to recover damages for personal injuries. The decedent died on March 16, 2015. After the public administrator was substituted as the plaintiff in this action, by order to show cause dated August 11, 2017, the plaintiff moved pursuant to CPLR 3025(b) for leave to amend the complaint to add a cause of action to recover damages for wrongful death. The proposed amended complaint alleged that the decedent suffered serious injuries, and great pain and anguish in body and mind from the time of the occurrence of the accident to the time of her death, that her injuries were permanent, protracted, disabling in nature, and fatal, and that the decedent was so grievously and seriously injured that she died as a result of her injuries. In opposition, the defendants argued that the motion should be denied, inter alia, because the cause of action alleging wrongful death was barred by the two-year statute of limitations, and the plaintiff failed to demonstrate a reasonable excuse for the delay in seeking leave to amend the complaint and a lack of prejudice to the defendants. The Supreme Court granted the motion. The defendants appeal.
Motions for leave to amend a pleading under CPLR 3025(b) are addressed to the sound discretion of the court (see Hofstra Univ. v Nassau County, N.Y., 166 AD3d 861). They should be freely granted in the absence of prejudice or surprise resulting directly from delay in seeking leave, unless the proposed amendment is palpably insufficient or patently devoid of merit (see Wander v St. John's Univ., 163 AD3d 896, 896-897; Lucido v Mancuso, 49 AD3d 220, 227). A motion for leave to amend a complaint or other pleading to add a cause of action or theory of recovery that is time barred under the applicable statute of limitations is "patently devoid of merit" [*2](Wander v St. John's Univ., 163 AD3d at 897; see A.A.A.A.A.R. Constr. of Orthopedic Appliances, Inc. v Village of Brewster, 149 AD3d 1016, 1017-1018; Calamari v Panos, 131 AD3d 1088, 1091; Quinto v New York City Tr. Auth., 7 AD3d 689, 689).
The defendants contend that the proposed amendment is patently devoid of merit, inter alia, because the plaintiff's motion was made more than two years after the decedent's death, after the statute of limitations expired (see Grant v Brooklyn Ctr. for Rehabilitation & Residential Health Care, LLC, 153 AD3d 798; Jenal v Brown, 80 AD3d 727). Contrary to the defendants' contention, since the original complaint, which was interposed prior to the decedent's death, gave "notice of the transactions, occurrences, or series of transactions or occurrences" on which the wrongful death cause of action in the amended complaint was based, the wrongful death cause of action asserted in the amended complaint relates back to the original complaint and is deemed to have been timely interposed (CPLR 203[f]; see EPTL 11-3.3[b][2]; Caffaro v Trayna, 35 NY2d 245, 250; Assevero v Hamilton & Church Props., LLC, 154 AD3d 728; Francis v Nassau Health Care Corp., 22 AD3d 715; Nowak v Sherman, 167 AD2d 843, 844; Vastola v Maer, 48 AD2d 561, 566, affd 39 NY2d 1019, 1021; cf. Velez v Springer, 102 AD2d 823, 824). Therefore, the wrongful death cause of action is not barred by the statute of limitations. Furthermore, contrary to the defendants' contention, the amended complaint sufficiently alleged a cause of action to recover damages for wrongful death and no evidentiary showing of merit was required (see CPLR 3025[b]; Jeffrey Gardens Apt. Corp. v LH Mgt., Inc., 157 AD3d 941, 942; Lucido v Mancuso, 49 AD3d at 229, 230).
Accordingly, the Supreme Court providently exercised its discretion in granting the plaintiff's motion for leave to amend the complaint.
BALKIN, J.P., CHAMBERS, MILLER and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court