THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. ROBERT TURNER, Respondent.— Appeal by the People from an order of the Supreme Court, Queens County, dated May 16, 1974, which denied their motion (1) to vacate a resentence of defendant imposed on March 6, 1974 and (2) to reinstate the original sentence imposed on November 15, 1973. The original sentence, entered upon a plea of guilty of sexual abuse in the first degree, was for an indeterminate prison term not to exceed three years, while the resentence was for a probationary term of five years. Order affirmed. At the time defendant entered his guilty plea, which was in satisfaction of an indictment charging rape in the first degree, attempted escape in the second degree, resisting arrest and harassment, the court indicated that if defendant's record was clean and he had no prior arrests or problems with the law, it would "seriously consider giving [him] five years' probation." At sentencing, defendant's record appeared clear. He had no prior arrests, had worked steadily in one job for 13 years, was held in highest regard by his employer and fellow employees, and, although separated, had attachments to his family. There was nothing in the psychiatric examination to indicate why he had acted as he had toward the complainant. Nevertheless, despite defendant's otherwise unblemished record, the court stated it could not go along with probation and sentenced him to a three- to seven-year prison term. Counsel for defendant protested that the sentence was cruel and excessive and noted that the probation report had recommended probation. Counsel asked the court to reconsider and the court agreed and after first amending the sentence to a maximum of three years, directed that the sentence be stayed pending further review. A week later (on November 21, 1973), after a hearing at which defendant produced character witnesses, the court adhered to the three-year maximum sentence. Thereupon defendant's counsel moved to vacate the plea of guilty. The motion was denied, without prejudice to renewal upon proper papers. Defendant was remanded. About a month later defendant moved pursuant to CPL 440.20 to set aside the sentence and allow him to with-

draw his guilty plea or, in the alternative, to set aside the sentence and resentence defendant "in accordance with the understanding of the Court and the defendant and counsel" that he would be placed on probation if his record was clear. The court, in granting the request to set aside the sentence, noted that "from a reading of the plea and sentence minutes, the Court can understand how the defendant might have misinterpreted the Court's words during the colloquy at the plea." On March 6, 1974, the court vacated the three-year sentence and resentenced defendant to a five-year probationary term. On March 14 the People moved to set aside the March 6 sentence on the ground that under CPL 430.10 a sentence may not be changed, suspended or interrupted once it has commenced. The order denying that motion, dated May 16, 1974, is the subject of this appeal. We have detailed the sequence of events here because we conclude that under the peculiar factual posture of this case the procedure pursued by the court in resentencing defendant, while not generally to be approved, should be affirmed. The sentencing court was fully aware of the background and contentions on both sides and hence there was no need for any hearing. Moreover, the circumstances bring this case within the framework of CPL 440.20, which permits a defendant to move to set aside a sentence at any time after the entry of a judgment when the sentence is unauthorized, illegally imposed or otherwise invalid as a matter of law. The People refer to CPL 430.10 and argue that a sentence, legally imposed, may not be changed, suspended or interrupted once the term of sentence has been commenced. That provision, however, is prefaced by the phrase "Except as otherwise specifically authorized by law". Here, the specific exception is found in CPL 440.20, providing for postjudgment relief. As pointed out by the Commission on Revision of the Penal Law and Criminal Code in its March, 1970 memorandum in support of the proposed Criminal Procedure Law, the two postjudgment motions contained in article 440 "encompass all contentions challenging an indictment or other accusatory instrument which now sail under the flags of coram nobis, motion for resentence, motion for a new trial by reason of newly discovered evidence, states habeas corpus and federal habeas corpus" (Gilbert, Criminal Law and Procedure [1973], p. 1–286). *Coram nobis* and habeas corpus remedies are not and have never been barred by the commencement of the period of the sentence. Martuscello, Acting P. J., Latham, Benjamin, Munder and Shapiro, JJ., concur.