■ ROBERT J. MASTANDREA, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 57606.)—Appeal from an order of the Court of Claims, entered December 19, 1975, which denied claimant's motions (1) for leave to amend his claim to assert a cause of action for malicious prosecution and to increase the amount claimed in the *ad damnum* clause and (2) for leave to file a late claim for malicious prosecution. On June 15, 1973 the claimant filed a timely notice of claim against the State alleging that on March 27, 1973 he was assaulted by a State trooper without just cause or provocation, and that he was falsely arrested and falsely imprisoned. Damages in the amount of $100,000 were sought in the notice of claim. On November 17, 1975 claimant moved for leave to amend his notice of claim to add a cause of action for malicious prosecution and to increase the *ad damnum* by $100,000. It appears from the papers submitted in support of the motion that following his arrest, the claimant was indicted by a Grand Jury in April, 1973 and charged with resisting arrest, obstructing the administration of justice, and assault in the second degree; that on July 3, 1975 he was acquitted by a jury of all charges. In the proposed amended notice of claim, damages are sought for legal expenses, loss of business, employment and earning capacity alleged to have resulted from the malicious prosecution of the claimant. In opposition to the motion to amend the notice of claim, the State contended in the Court of Claims, and contends on this appeal, that the claim for malicious prosecution is time-barred, since it was not filed within 90 days after the accrual of such claim, as required by subdivision 3 of section 10 of the Court of Claims Act. Claimant's motion was denied, without opinion. It is undisputed that claimant's cause of action for malicious prosecution first accrued on July 3, 1975 when he was acquitted of all the criminal charges lodged against him, and, since the motion to amend the prior claim was made on November 17, 1975, more than 90 days had elapsed from the date the claim for malicious prosecution first accrued. We are of the opinion, however, that under the Rules of Practice of the Court of Claims, leave should have been granted to the claimant to add the additional claim sought to be asserted and to amend the *ad damnum* in consequence thereof (22 NYCRR 1200.17). "A claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading" (CPLR 203, subd [e]). It is clear, under the facts of the instant case, that the claimant's original notice of claim gave the State notice of the arrest made by a State trooper on March 27, 1973, and of the claimant's allegation that the arrest was made without legal justification. It is equally clear that claimant's subsequent claim for malicious prosecution grew out of the same occurrence which formed the basis for the original claim for false arrest. The criminal proceedings following this arrest culminated in claimant's favor, thus giving rise to the cause of action for malicious prosecution, which is merely part of the sequelae of the defendant's wrong. While the amendment will, of course, introduce new aspects on the issue of damages, the State does not suggest how the failure to file a claim for this cause of action within the 90-day period has resulted in any prejudice to it in its defense as to such additional elements of damage *(Caffaro v Trayna,* 35 NY2d 245). Consequently, by reason of the application of CPLR 203 (subd [e]) to the facts of the present case, the claimant had the right to amend his notice of claim to include a

cause of action for malicious prosecution notwithstanding the fact that the motion for such amendment was made more than 90 days after accrual of the cause. The filing of the original notice of claim not only tolled the Statute of Limitations on every cause of action asserted therein but also on any cause of action thereafter arising from the facts set forth in the original claim (Caffaro v Trayna, supra; McLaughlin, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 203, 1976–1977 Supp, p 23). Since we conclude that the claim for malicious prosecution is not time-barred, the question of whether leave should have been granted to file a late claim is rendered moot. Order reversed, on the law and the facts, with costs. Koreman, P. J., Greenblott, Kane, Main and Herlihy, JJ., concur.