OPINION OF THE COURT
Bernard J. Fried, J.
Defendant Imamu Amiri Baraka moves this court for an order vacating, reducing or modifying the 90-day sentence of imprisonment previously imposed by the Honorable Stephen Zarkin, then Judge of the Criminal Court of the City of New York, following a jury trial before Judge Zarkin, which ended on November 16, 1979, at which defendant was convicted on a one-count information charging resisting arrest (Penal Law, § 205.30). Sentence was imposed by Judge Zarkin on December 28, 1979, and defendant was remanded to the custody of the Department of Correction of the City of New York to begin serving his sentence. On December 31,1979, an order granting stay of execution and bail pending appeal was issued by ah Acting Supreme Court Justice. On appeal to the Appellate Term, First Department, in which substantive errors only were claimed but not excessiveness of sentence, the judgment of conviction was affirmed. Thereafter, leave to appeal to the Court of Appeals was denied by an Associate Judge of that *272 court on January 15, 1981 (52 NY2d 901). The case was then remitted to this court pursuant to the order of the Appellate Term, “for proceedings to direct defendant to surrender himself to said court in order that execution of the judgment be commenced or resumed.” The instant motion ensued.
Relying on CPL 430.10 and 440.20, defendant seeks to have the sentence heretofore imposed by Judge Zarkin vacated, reduced or modified.* It is contended that this court has the inherent jurisdiction to resentence and that, in any event, the sentence was invalid because the sentencing Judge, allegedly, impermissibly took into account “defendant’s past dissident activities”, thereby violating his First Amendment rights. The People respond that since the defendant has already commenced service of his definite sentence of imprisonment, although interrupted by the stay pending appeal, this court is powerless to change the sentence unless it was “unauthorized, illegally imposed or otherwise invalid as a matter of law” (CPL 440.20, subd 1).
CPL 430.10 provides that “[ejxcept as otherwise specifically authorized by law, when the court has imposed a sentence of imprisonment and such sentence is in accordance with law, such sentence may not be changed, suspended or interrupted once the term or period of the sentence has commenced.” Reference to the Penal Law discloses that “[a] definite sentence of imprisonment commences when the prisoner is received in the institution named in the commitment” (Penal Law, § 70.30, subd 2). Since defendant concededly was received in the named institution, the express statutory language of CPL 430.10 constitutes a prohibition barring this court from altering defendant’s sentence “[ejxcept as otherwise specifically authorized by law”. As stated by the Appellate Division, First Department, in the recent case of People v Minaya (78 AD2d 358, 363, n 7), “Such exceptions include a motion by a defendant to set aside a sentence on the ground that it *273 was not authorized, illegally imposed or otherwise invalid as a matter of law (CPL 440.20), a motion by the People to set aside a sentence on the ground that it was invalid as a matter of law (CPL 440.40), or modification of a sentence on appeal (CPL 450.30, 470.15 and 470.20, subd 6).” (See, also, People v Turner, 47 AD2d 564, 565; and People v Canna, 35 AD2d 1062, 1063 [dealing with predecessor statute, Correction Law, §231].)
Defendant argues that because he was remanded immediately after sentence, the CPL 430.10 bar should not come into play. The statute, however, does not provide for such relief and the appropriate mechanism would have been to seek an immediate stay of execution of sentence from a Justice of the Supreme Court (CPL 460.50, subd 2, par [c]). The statute is clear that “[w]hen a court legally imposes a sentence of imprisonment, neither it nor any other court may collaterally alter such a sentence once service of it has commenced” (People v Ozarowski, 87 Misc 2d 607, 610). It is concluded, therefore, that unless the sentence imposed by Judge Zarkin was “[not] authorized, illegally imposed or otherwise invalid as a matter of law” (CPL 440.20), and the motion further lies under that section, this court has no power to disturb, or in any manner alter Judge Zarkin’s original sentence.
Turning to CPL 440.20, which was “designed to replace the judicially-created, uncodified motion for resentence * * * initiated to deal with problems pertaining to the legality of sentences” (Pitler, New York Criminal Practice under the CPL, p 840), that section provides that “[a]t any time after the entry of a judgment, the court in which the judgment was entered may, upon motion of the defendant, set aside the sentence upon the ground that it was unauthorized, illegally imposed or otherwise invalid as a matter of law.” (Emphasis added.) As already indicated, CPL 440.20 “accommodates only contentions of illegality and not claims of harshness or excessiveness.” (Denzer, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 440.20.) Indeed, by its terms, CPL 440.20 requires denial of the motion when the issue has been previously determined on appeal; however, if the determination was before a nonappellate State or Federal court, the *274 sentencing court has discretion whether to entertain the motion. In the latter circumstance, where there has been other than an appellate determination, CPL 440.20 (subd 3) provides that “[djespite such determination, however, the court in the interest of justice and for good cause shown, may in its discretion grant the motion if it is otherwise meritorious.”
It is argued by defendant that this latter portion of CPL 440.20, referring to “the interest of justice and for good cause shown”, evidences a legislative intent “to leave some discretion in trial courts, even if it could not be claimed or demonstrated that the sentence originally imposed was, as a matter of law, an invalid one.” This argument, simply put, cannot be considered anything but frivolous. Clearly, all that the legislators meant to do, and they said it explicitly, was to permit the sentencing court discretion to entertain a motion to resentence when the ground or contention urged has already been decided by other than an appellate court. The “interest of justice” and “good cause” phrases must be read in the context in which they are used; that is, in the context of a procedure which permits a trial court, in the absence of an appellate determination in the case dealing with the particular sentencing issue, to correct an illegal sentence without compelling pursuit of a lengthy and cumbersome appeal.
Defendant also argues that the “sentence was unconstitutional” and hence invalid entitling him to CPL 440.20 relief. It is claimed that Judge Zarkin, in imposing sentence, impermissibly referred to defendant’s dissident activities. However, since review of the sentencing minutes shows that no such remark was uttered by Judge Zarkin, this argument is rejected.
Since the sentence imposed by Judge Zarkin was not unauthorized — it was within the one year authorized by law; was not illegally imposed in violation of the Criminal Procedure Law; and was not otherwise invalid as a matter of law — CPL 440.20 does not permit this court to disturb the sentence originally imposed.
Accordingly, defendant’s motion to vacate, reduce or modify the sentence imposed by Judge Zarkin on Decern *275 ber 28,1979 is denied. The defendant is directed to surrender himself before this court on June 17, 1981 to resume service of his sentence unless a stay of this order is granted by an appropriate superior court.

 Defendant also relies on CPL 440.10. This section, however, is inapplicable since paragraph (d) of subdivision 2 requires the court to deny a motion to vacate a judgment when “[t]he ground or issue relates solely to the validity of the sentence and not to the validity of the conviction.”