■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN J. RANDALL, Appellant. — Appeal from a judgment of the County Court of Warren County (Fitzgerald, J.), rendered October 9, 1980, upon a verdict convicting defendant of the crimes of burglary in the third degree, grand larceny in the third degree and criminal possession of stolen property in the second degree. On the afternoon of January 17, 1980, Lake George area resident Christopher Crandall observed a late model green Buick in the vicinity of vacant summer homes, including one whose owner later advised Crandall that she had sighted prowlers in her home and believed that it had been broken into. The following morning, in the early hours, Crandall saw the same Buick in the area, and, becoming suspicious, he recorded its license number. A short time later, a family medical emergency caused Crandall to drive to the hospital, and again he saw the Buick. Although on his return it was no longer parked there, he thought he passed it on the road. Crandall then called the State Police, told them what he had observed and heard, and furnished them with the license plate number. The State Police broadcast a description of the car and the plate number. A Glens Falls city police officer monitoring the transmission saw the vehicle, stopped it and had the local police dispatcher notify the State Police. Defendant was the driver and Michael Randall, the codefendant, the passenger. The officer observed that the back seat was piled high with various articles. Upon request, John Randall could produce neither a driver's license nor the automobile registration. His explanation for the condition of the back seat was that it contained "some junk" he had collected. At this point, the Glens Falls officer neither arrested nor searched the Randalls, but merely detained them until the State Police arrived some 10 or 15 minutes later. When the State trooper arrived, he immediately frisked Michael Randall and then defendant. In the latter's jacket pocket he found a sock containing men's costume jewelry. Miranda warnings were then given, after which defendant made incriminating statements. A consolidated jury trial was had and both defendants were convicted. The contention that the frisk search of defendant was constitutionally impermissible has substance. Whether or not the initial stop was constitutionally sound need not be addressed for the frisk was an illegal intrusion. Initially, it is noted that the Glens Falls police had detained the Randalls for 10 or 15 minutes and during that period neither had exhibited any violent predilections. The record is barren of any particular facts from which the trooper could have reasonably inferred that they were armed and dangerous (Terry v Ohio, 392 US 1, 27; Sibron v New York, 392 US 40, 64). The scene, as the trooper observed it, admittedly was "calm and secure" and at least four other police officers were already present. Nor was the frisk proper as one incident to an arrest. At the time of the frisk, the only charges for which defendant could have been arrested were traffic infractions. No probable cause yet existed to arrest him on burglary charges for although the police had

reports of possibly suspicious behavior, they had no knowledge a burglary had even been committed. Defendant was subsequently given appearance tickets for driving without a license and driving with a bald tire, but these infractions, without more, did not warrant a full-blown search of his person (*People v Howell,* 49 NY2d 778, 779; *People v Troiano,* 35 NY2d 476, 478). Inasmuch as defendant incriminated himself only after being confronted with the articles found on his person, his statements should have been suppressed as they were the product of an illegal search (*People v Rodriguez,* 11 NY2d 279). By a parity of reasoning, the evidence found in the car was also inadmissible, as probable cause to believe a burglary had occurred and that defendant's car contained contraband arose only after the jewelry was discovered and then only after defendant inculpated himself. Observation of these articles alone cannot be relied upon to sustain the search conducted of this vehicle, as the police were unaware that any property had been stolen until the damaging admissions. Judgment reversed, on the law, and new trial ordered. Mahoney, P. J., Sweeney, Main, Mikoll and Yesawich, Jr., JJ., concur.