■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISREAL ARROYO, Also Known as ISRAEL ARROYO, Also Known as JOSE ARROYO, Appellant. — Judgment, Supreme Court, Bronx County (Schackman, J.), rendered on May 19, 1980, unanimously affirmed. Application by appellant's counsel to withdraw as counsel is granted. (See *Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no meritorious points which could be raised on this appeal. Concur — Sandler, J. P., Ross, Carro and Silverman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL MCNEAL, Appellant. — Judgment, Supreme Court, Bronx County (Warner, J.), rendered April 3, 1979, convicting defendant upon a jury verdict of murder in the second degree (two counts) and arson in the second degree, and sentencing him to concurrent terms of 25 years to life (murder) and, as a second felony offender, to a concurrent term of 12½ years to 25 years (arson), modified, as a matter of discretion and in the interest of justice, to the extent of reducing the sentences on the murder counts to 20 years to life and, except, as so modified, affirmed. Defendant was convicted of two counts of felony murder (arson) resulting in the death of his brother and a friend. The jury acquitted him of two counts of intentional murder. The court nonetheless, imposing the maximum sentences of 25 years to life, stated "[b]ut it represents to this Court a reason(ed) deliberate, carefully intended, carefully planned [*sic*] on the part of this defendant to cause the death of his brother and Mike Keaton." The People's own evidence however indicated that, after igniting the gasoline and seeing what he had done, the defendant remained at the scene throwing bottles at the windows and screaming "fire" in an attempt to alert the tenants. Under such circumstances, we do not believe the maximum sentence ought to have been imposed. We find defendant's other contentions to be without merit. Concur — Carro, J. P., Silverman and Fein, JJ.

Markewich and Bloom, JJ., dissent in a memorandum by Markewich, J., as follows: To paraphrase the quotation embodied in the memorandum for the court, there can be no doubt that defendant's act of arson, as a result of which two people died, and a number of others were rendered homeless, was carefully planned and deliberate. That defendant remained on the scene, shouting "fire" and breaking windows, thus preventing the death toll from rising higher, entitles him to nothing. His "change of heart" was no change at all for, when he performed his "rescue," he had already fully accomplished his main objective, to bring death to his targeted victims. He made no attempt whatever to save them, nor did he take the trouble to turn in an alarm of fire. It appears that defendant never learned anything from his earlier felony, and bids fair to learn nothing from this one. He is a dangerous, unstable criminal who will remain a potential threat to the community every moment he is permitted to be at large. Trial Term, best equipped to do so, has exercised discretion unexceptionably, and its judgment should not be disturbed.