■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS J. MITCHELL, SR., Appellant. — Appeal from a judgment of the County Court of St. Lawrence County (Duskas, J.), rendered May 21, 1980, upon a verdict convicting defendant of the crime of murder in the second degree. On December 1, 1979, at approximately 10:00 P.M., defendant, using a friend's car, left a bar in St. Regis Falls, New York, in the company of Marie Odette Huckins. At about 1:00 A.M. the following morning, defendant returned to the bar, covered with blood, screaming and crying that he had killed a woman. Although his friend and other patrons helped clean him up and alerted the State Police, they were unable to calm defendant who went to the nearby residence of a relative. From there he telephoned his mother telling her also what he had done. When the State trooper arrived and came into defendant's presence, defendant immediately stated: "I'm Dennis Mitchell. I'm the one that killed the woman. She tried to roll me and I took a knife and started stabbing her." When asked if the woman was dead, defendant replied that he had stabbed her at least 15 times. In response to further questioning he led the police to the scene and later to the area where he had discarded his knife. Defendant's assigned counsel made no pretrial motions for discovery or suppression. Notice was furnished of defendant's intention to rely upon the defense of mental disease or defect. However, during the third day of this nonjury trial, defendant informed his attorney that his oft-repeated story was fabricated, that a man he did not know and could not describe, other than very generally, had murdered Huckins, and that defendant dared not reveal this earlier for fear of reprisals against his wife and child. After his request for a continuance to investigate this version of the events was quite properly denied (see *People v Messina,* 73 AD2d 899), defendant's counsel proceeded with his case as planned, using medical experts and testimony of defendant's family in an attempt to prove the affirmative defense of extreme emotional disturbance. Defendant himself was not called to the stand. The court found defendant guilty of murder in the second degree and sentenced him to an indeterminate term of 20 years to life imprisonment. The only issue we find it necessary to discuss is whether defendant was deprived of his constitutional right to the effective assistance of counsel by reason of assigned counsel's failure to make pretrial motions for discovery or suppression. It is noteworthy that on oral argument and in its brief, the People assert, and it has not been denied, that prior to trial the prosecutor's file was opened to defendant and that discoverable items such as a copy of the death certificate, defendant's confession, medical and laboratory reports, photographs and inspection of physical evidence were made available. Thus counsel cannot be faulted for failing to move for discovery. Because defendant was not accorded *Miranda* warnings until after he had taken the police to the victim's body, he argues that a suppression motion should have been directed toward preventing introduction of the physical evidence concerning the body, the knife, and the written and oral statements he thereafter made to the police. Given the facts of this case, trial counsel could have reasonably concluded any such motion would have been denied. The first statement defendant made to the State trooper, acknowledging that he had killed the woman by stabbing her, was unquestionably spontaneous; the police officer had not yet even addressed defendant, hence admission of that state-

ment would have survived a motion to suppress. The inculpatory statements made to his friend, the bar's patrons and family members would also have been admissible. Furthermore, it would not have been unreasonable for trial counsel to have determined that evidence obtained even after the *Miranda* warnings were given (including the sworn statement and the knife) would also come into evidence, for although subsequent warnings may be found to have purged the taint of a previously illegal arrest or confession unlawfully obtained (see *Brown v Illinois,* 422 US 590), neither of these events occurred here. Nor was this an instance where evidence illegally obtained by the police prompted a confession (cf. *People v Randall,* 85 AD2d 754), for defendant had already impulsively admitted his guilt. The only remaining suppressible evidence would have been the corpse itself. And as to this, there was testimony that defendant, before his encounter with the police, related to his friend and the bar's proprietor that he had "dumped [the body] in the evergreens". Since a search undoubtedly would have been centered in the area between St. Regis Falls and Nicholville, where the body was located, and where defendant and Huckins had been observed together in both places earlier that evening, the body inevitably would have been discovered and thus would be admissible over defendant's objection (*People v Fitzpatrick,* 32 NY2d 499, 505-507, cert den 414 US 1033). Based on these considerations, the trial court would in all likelihood have denied a motion to suppress, and, therefore, counsel's failure to bring such a motion was not so grave an error so as to deprive defendant of his constitutional right to effective assistance of counsel. Judgment affirmed. Main, J. P., Casey, Yesawich, Jr., Weiss and Levine, JJ., concur.