■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK S. COLWELL, Appellant. — Appeal from a judgment of the County Court of Broome County (Coutant, J.), rendered November 6, 1981, convicting defendant upon his plea of guilty of the crime of burglary in the second degree. At approximately 3:15 A.M. on the morning of August 9, 1981, City of Binghamton police officer Justin Dyer, while on routine patrol in his marked car, observed defendant run across State Street into the deserted parking area of the Broome Transit Bus Company. Dyer drove into the parking lot and engaged defendant in conversation. Defendant readily identified himself and told the officer where he was going. In response to Dyer's inquiries, defendant stated he had acquired the radio he was carrying at a nearby bar from his friend Doug. When defendant advised he did not know Doug's last name, the officer's suspicions were aroused. In addition, Dyer noted that the radio looked new and that defendant was carrying a piece of plastic which appeared to be the wrapper for a new radio. Defendant was then frisked; a modicum of marihuana and a pipe were seized from him. After the frisk, the officer questioned defendant further about the radio. This time defendant declared he had received the radio while at Doug's house. At about the same time, another policeman, John Shea, who had

been summoned earlier by Dyer, responded to the scene. Without placing defendant under arrest, Dyer told defendant to accompany the officers to Doug's house (the Ingraham residence) to verify that the radio had, in fact, been given to him. Defendant rode in Dyer's police car while Officer Shea followed in his patrol car. On arriving at Doug's house, Shea went to verify the story at which point defendant admitted to Dyer that he had stolen the radio. He was then arrested and transported to police headquarters where, for the first time, he was given his *Miranda* warnings and provided the police with a signed confession. Defendant was indicted on one count of second degree burglary to which he entered a plea of guilty after the suppression court ruled that his oral and written confessions need not be suppressed. Although the facts justified the initial stop and informational inquiry which followed (*People v Carrasquillo*, 54 NY2d 248; *People v De Bour*, 40 NY2d 210, 220), there was neither reasonable suspicion to warrant the frisk nor probable cause to support the detention and transportation of defendant to the Ingraham residence. Nothing in the record suggests that, prior to the frisk, Officer Dyer was at all concerned that his safety was in danger; thus, the frisk constituted an illegal intrusion and the marihuana seized could not sustain his detention (*Terry v Ohio*, 392 US 1; *People v Randall*, 85 AD2d 754). Furthermore, although defendant was not technically arrested until he was taken to the police station, his confinement which resulted from being asked by the officer to ride in the police car to Doug's house constituted seizure tantamount to an arrest for which there was no probable cause (*Dunaway v New York*, 442 US 200, 212). Without the marihuana, there was nothing in these circumstances or in defendant's behavior which made it appear more probable than not that a crime had been committed. No crime had been reported and the mere fact that defendant was running through a parking lot at night carrying a new radio and its plastic covering could not serve as the basis for detaining him (see *People v Henley*, 53 NY2d 403, 407). Moreover, the minor discrepancies in defendant's story which caused the officer to become suspicious were no more consistent with guilt than innocence and consequently did not furnish probable cause (*People v Carrasquillo*, 54 NY2d 248, 255, *supra*). Because the confessions were the result of an illegal detention, they must be suppressed. Since the admissibility of the property seized from defendant was not at issue before the suppression court, we have not considered defendant's appellate argument that these items should also have been suppressed. Judgment reversed, on the law and the facts, guilty plea vacated, motion to suppress defendant's statements granted, and matter remitted to the County Court of Broome County for further proceedings not inconsistent herewith. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.