THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
MARK S. COLWELL, Appellant.

Third Department, August 23, 1984

### APPEARANCES OF COUNSEL

*Thomas J. Fox* (*Thomas A. Saitta* of counsel), for appellant.

*Patrick H. Mathews, District Attorney* (*Gerald F. Mollen* of counsel), for respondent.

### OPINION OF THE COURT

CASEY, J. P.

■ Defendant's chief contention on this appeal is that his oral and written statements were taken from him by the

police in violation of his right to counsel since the police, at the time of the custodial interrogation, were or should have been aware that he was represented by the Public Defender on an appeal from a prior unrelated conviction. We disagree.

Defendant was implicated in the crimes of which he stands convicted herein after he was arrested on the night of April 19, 1982 for harassment of a young woman in a laundromat. He was booked on that charge and held overnight in the City of Binghamton lockup. Before attempting to question defendant, the arresting officer ascertained from the Binghamton police records that defendant had been charged with burglary in 1981. However, the records did not indicate any disposition of the charge. In fact, defendant had entered a plea of guilty to the charge and had been sentenced thereon, and an appeal from the judgment was then pending in this court, which, on March 22, 1982, had assigned the Public Defender to represent defendant in connection with the appeal. Regardless of the information received from the records, the arresting officer attempted to question defendant about the harassment charge, but defendant refused to speak with him. Observing the similarity between defendant and the description of an unknown suspect involved in unrelated, unsolved sex crimes, the arresting officer left a note for the detectives scheduled for duty the following day, suggesting that they might want to talk to defendant about these crimes. After receiving his *Miranda* rights from the detectives and waiving these rights, defendant made oral admissions and written confessions to rape and sodomy charges. Following his statements, he was placed in a lineup and identified by both victims and another witness. Defendant thereafter pleaded guilty to the rape and sodomy charges.

In our view, an appeal and the attorney assigned to prosecute it are not part of a pending *criminal action or charge*. This is so because (1) the right of appeal (except in capital cases) is a statutory privilege, not a matter of constitutional right, and jurisdiction thereof cannot be assumed unless there is statutory authority for its exercise (*People v Brown,* 20 AD2d 756; see, also, *People v Gersewitz,* 294 NY 163, petition for cert dsmd 326 US 687) and

the procedural requirements for taking an appeal have been strictly followed (*People v Dimmie,* 42 Misc 2d 521, affd 15 NY2d 578), and (2) under CPL 1.20 (subd 16), a "criminal action" "commences with the filing of an accusatory instrument against a defendant in a criminal court * * * and * * * terminates with the imposition of sentence or some other final disposition in a criminal court of the last accusatory instrument filed in the case". A "criminal court" is comprised of the "superior courts and the local criminal courts" (CPL 10.10, subd 1), and a "criminal proceeding" means any proceeding "which (a) constitutes a part of a criminal action or (b) occurs in a criminal court" (CPL 1.20, subd 18).

Under these definitions, it is clear that the Appellate Division is not a criminal court within the meaning of the CPL[1] and that an appeal pending therein is not a criminal action or part of a criminal proceeding. To date, at least, counsel for an appeal has not been considered an attorney whose presence is indispensible to a defendant's waiver of counsel under *People v Rogers* (48 NY2d 167). As the Court of Appeals stated in *People v Ferrera* (54 NY2d 498, 507): "actual representation [by counsel] on a *pending charge* renders interrogation about that charge improper in the absence of a waiver of counsel in the presence of an attorney * * * And where an individual is actually represented on a *pending charge,* custodial interrogation concerning unrelated criminality is proscribed where the police know of that representation * * * or know of the *pending charge*" (emphasis added). In *People v Bartolomeo* (53 NY2d 225), the rule was extended to require the police to inquire whether a defendant had counsel if the police have actual knowledge of prior unrelated charges *still pending* against the defendant, and a failure to so inquire charges the police with what such inquiry would have disclosed. If a defendant is not represented by counsel on the unrelated charges, the right to counsel does not attach regardless of whether inquiry was made by the police (*People v Kazmarick,* 52 NY2d 322), and if the police do not have actual

---

1. We reach this result despite the inclusion of the Supreme Court in the definition of superior court (CPL 10.10, subd 2, par [a]) and the constitutional description of the Appellate Divisions as the "appellate divisions of the supreme court" (NY Const, art VI, § 4, subd b). References in jurisdictional statutes to the Supreme Court do not necessarily include the Appellate Divisions (*Matter of Nolan v Lungen,* 61 NY2d 788).

knowledge of the *pending unrelated* charges, the right to counsel does not attach, even though a defendant is represented by counsel on the pending unrelated charge (*People v Fuschino,* 59 NY2d 91).

All of these authorities require a defendant's waiver of his right to counsel to be in the presence of his attorney only when the unrelated charges are pending in a criminal court as part of a criminal action or proceeding, and we see no basis for extending the rule to cases where the unrelated criminal action has terminated with the imposition of sentence (CPL 1.20, subd 16, par [c]), despite a defendant's representation by counsel on some aspect of the unrelated matter (*People v Heller,* 99 AD2d 787 [the defendant's representation by counsel on a violation of conditional discharge imposed upon a prior conviction did not preclude the defendant's waiver of his right to counsel in the absence of counsel where police questioned the defendant on a new matter under investigation after his arrest on the violation of conditional discharge]). Therefore, the failure of the Binghamton police to inquire into defendant's representation in regard to his appeal from the burglary conviction did not preclude defendant's waiver of counsel when he received his *Miranda* warnings, as properly found by the trial court.

Since defendant was lawfully arrested for harassment and lawfully interrogated, the police were entitled to place him in a lineup on the unrelated charges of rape and sodomy, of which he was reasonably suspected (*People v Pickett,* 71 AD2d 575, affd 52 NY2d 892). Therefore, no violation of defendant's legal rights occurred.

■ Defendant entered a plea of guilty to rape in the first degree, committed on an 11-year-old girl on February 24, 1981, and sodomy in the first degree, committed on a 7-year-old girl on April 13, 1982, following negotiations while represented by counsel. The plea was entered in full satisfaction of the two indictments then pending against him. At the time of the plea, it was understood by defendant (1) that the sentences imposed would run concurrently and (2) that he would receive 7½ to 15 years for each crime if a prior burglary conviction that was then on appeal to this court was affirmed, making defendant a

second felony offender, or that he would receive 7½ to 22½ years if the burglary conviction were reversed, requiring defendant to be sentenced as a first offender.[2] On September 24, 1982, defendant was sentenced to 7½ to 15 years for each crime, to run concurrently as promised, since defendant's appeal on the burglary charge had not yet been decided by this court. Thereafter, the judgment of conviction for the burglary was reversed (*People v Colwell,* 96 AD2d 649). Pursuant to the plea agreement, defendant's original sentence was vacated and he was resentenced on October 27, 1983 to 7½ to 22½ years on each charge, to run concurrently. At the time of resentence, the court offered defendant the opportunity to withdraw his previous plea to both indictments and to proceed to trial. Defendant refused this offer, but did contend that the resentence was unconstitutional, an argument he also raises on appeal. Again, we disagree.

The sentence originally imposed was the agreed-upon term for defendant as a second felony offender. When the predicate felony conviction was reversed, the court had inherent power to vacate the sentence imposed on defendant as a second felony offender, which he no longer was, and impose a sentence upon him as first offender (*People ex rel. Sloane v Lawes,* 255 NY 112; see *People v Minaya,* 54 NY2d 360, cert den 455 US 1024). The sentence imposed was within the statutory limits of 8⅓ to 25 years, and defendant was fully apprised before his plea of what his sentence would be if his appeal of the burglary conviction were successful. Having voluntarily accepted a sentence less than the statutory maximum, defendant cannot now complain that his sentence was illegal or unduly severe in view of the seriousness of the crimes to which he pleaded guilty.

Defendant's other contentions have been considered and found meritless. The conviction should therefore be affirmed.

YESAWICH, JR., J. (dissenting). In a virtually unbroken array of cases, the Court of Appeals has expanded the right to counsel to the point now that a defendant may not be

---

**2.** The District Attorney insisted on a minimum of 7½ years. The increased maximum as a first offender was to be imposed if defendant's sentence on the burglary appeal was invalidated by a reversal to insure this minimum.

questioned in the absence of his attorney if the police are aware that he is represented by counsel in an unrelated pending criminal matter (*People v Mann,* 60 NY2d 792; *People v Miller,* 54 NY2d 616). If the police have knowledge of an undetermined charge against a defendant, they are obliged to inquire whether he had representation in that proceeding; if they fail to do so, they are chargeable with the information such inquiry would have disclosed (*People v Fuschino,* 59 NY2d 91; *People v Smith,* 54 NY2d 954; *People v Bartolomeo,* 53 NY2d 225). Here, the arresting officer searched the Binghamton police file catalog on April 19, 1982, the date defendant was apprehended, and discovered that the latter had been arrested in 1981. Lacking a reasonable and well-founded belief that this earlier charge had been dismissed (*People v Fuschino, supra,* pp 98-99), the police were required to ascertain whether defendant had counsel in the prior proceeding; had they done so, they undoubtedly would have learned that he was represented at the time and therefore could not effectively waive his right to counsel unless his attorney was present.

Relying on meticulous application of the statutory definitions of "criminal proceeding" (CPL 1.20, subd 18), "criminal action" (CPL 1.20, subd 16) and "criminal courts" (CPL 10.10, subd 1), the People maintain and the majority agrees that the above-stated rule is inapplicable to counsel engaged in appealing prior proceedings because an appeal, apparently even one unquestionably directed at establishing a defendant's innocence or vindicating his rights, is not part of a pending prosecution. Although technically inviting, a principal shortcoming of this argument is that it is based on the wholly unacceptable premise that an appeal is not a critical stage of a criminal proceeding at which the fundamental right to an attorney is assured by our State Constitution.

Moreover, conditioning the right to counsel on whether a criminal proceeding, as defined in the Criminal Procedure Law, has been concluded misperceives the spirit of the existing case law, the underlying rationale of which is that the presence of the accused's counsel serves to equalize the positions of the accused and the sovereign, thus rendering the sometimes coercive force of the State less overwhelming (*People v Rogers,* 48 NY2d 167, 173). While, as the

People observe, this disparity may well be appreciably minimized at the appellate level, nevertheless, a defendant's need of counsel for the matters on which he was being interrogated remained unabated.

Furthermore, as an attorney is no less duty bound at the appellate level than at the trial level to protect his client's interests, there is no reason to assume he would choose to represent his client on one charge only to abandon him on a subsequent unrelated one. Indeed, because it is the attorney's role, not the State's, to determine whether a particular matter touches upon the extant charge (*People v Rogers, supra*), he will undoubtedly be much concerned with how the later charge bears on the earlier, as counsel obviously was here, where the bargained-for sentence ultimately arrived at specifically depended on the disposition of the then pending appeal of the burglary conviction.

Needless to say, the fear that defendants may abuse their right to counsel by filing groundless appeals and uselessly prolonging the appellate process is a real one. However, in analogous circumstances, the courts have confronted attempts to subvert the criminal justice process and dealt with them more than readily (see *People v Marshall,* 98 AD2d 452; *People v Baldi,* 96 AD2d 212; *People v Jacobs,* 115 Misc 2d 954).

We are, of course, constrained to heed the rulings of the Court of Appeals. The thrust of those rulings as we comprehend them leads us to conclude that since simple inquiry by the police of defendant could have revealed that he had counsel in an unrelated criminal appeal, which was actively being pursued, his oral and written admissions were obtained in contravention of his constitutionally guaranteed right to counsel. Accordingly, defendant's conviction should be reversed and his guilty plea vacated, the motion to suppress granted and the matter remitted to the County Court of Broome County for further proceedings not inconsistent herewith.

WEISS and HARVEY, JJ., concur with CASEY, J. P.; YESAWICH, JR., and LEVINE, JJ., dissent and vote to reverse in an opinion by YESAWICH, JR., J.

Judgments affirmed.