OPINION OF THE COURT
Edward J. Amann, J.
The movant seeks an order pursuant to CPLR 3211 (a) (5) and (7) dismissing the complaint in the matter presently before the court.
The present action seeks replevin of the sum of $8,920 presently being held by the defendant, the City of New York.[1] The fund was taken from the plaintiff, Michael Beck, on March 19, 1981, when he was arrested in connection with the criminal sale of a controlled substance. On November 20, 1981, the plaintiff was found guilty of the criminal sale of a controlled substance and was sentenced to prison of a term of four years to life. Thereafter, on October 31, 1983, the Appellate Division, Second Department, affirmed the sentence. Permission to appeal to the Court of Appeals was denied on December 30, 1983. On February 21, 1984, the plaintiff filed his notice of claim. The present action was commenced on March 5, 1985.
The city asserts three separate grounds in support of the present action: (1) the action is untimely under General Municipal Law § 50-i, since it was not commenced within one year and 90 days from the date of plaintiffs arrest; (2) that the plaintiffs demand was untimely under McClendon v Rosetti (369 F Supp 1391 [SDNY 1974]); and (3) plaintiff failed to comply with General Municipal Law § 50-e in the filing of his notice of claim.
General Municipal Law § 50-i provides that any action or special proceeding must be commenced within one year and 90 days from the happening of the event. Here, the money was seized on March 19, 1981 — the action was not commenced until March 5, 1985.
The attorney for the plaintiff has argued that suit could not be brought until the criminal proceeding against his client was terminated. The plaintiff computes that time from December 30, 1983, the date upon which permission to appeal was denied. The court finds that the computation is in error.
Administrative Code of the City of New York § 435-4.0 (g) provides that a person may not commence an action for *267 money held as evidence in any proceeding or investigation until that proceeding has terminated. However, it does not define what constitutes the termination of a criminal proceeding — that is set forth in the Criminal Procedure Law. Under the Criminal Procedure Law, a criminal proceeding terminates “with the imposition of sentence or some other final disposition in a criminal court of the last accusatory instrument filed in the case.” (CPL 1.20 [16].) Here, the proceeding terminated on November 20, 1981, the day upon which the sentence was imposed.
The plaintiffs right to commence a suit started to run on that date and expired one year and 90 days thereafter, February 18, 1983. The fact that the present action was not commenced until March 5, 1985, renders it time barred.
The assertion of the plaintiffs attorney that the subdivision is ambiguous is clearly without merit. He has failed to cite any authority to support his proposition. His reliance on the phrase, "inter alia and its import” refer not to a portion of the above-cited section, as one would suppose, but rather, to a phrase found in his opponent’s affirmation.
The next argument proffered by the defendant is that the plaintiffs demand was untimely under McClendon v Rosetti (supra). Under Judge Lasker’s order issued in that case, an incarcerated person may make a written demand of the Police Property Clerk within 90 days of the termination of the criminal proceeding (McClendon v Rosetti, 369 F Supp 1391, 1394, supra). As previously noted, the criminal proceeding terminated with the sentencing of the plaintiff on November 20, 1981 and expired on February 18, 1982. Having failed to make written demand during that period, plaintiff is deemed to have abandoned the property in question. (Cooper v Police Prop. Clerk, 416 F Supp 49; Moreno v City of New York, index No. 43528/84, Sup Ct, NY County 1985, affd 120 AD2d 997 [1st Dept 1986].)
Finally, defendant argues that the plaintiff has failed to file a timely notice of claim under General Municipal Law § 50-e (1) (a), which provides that:
“§ 50-e. Notice of Claim
"1. When service required; time for service; upon whom service required.
"(a) In any case founded upon tort where a notice of claim is required by law as a condition precedent to the commencement of an action or special proceeding against a public *268 corporation, as defined in the general construction law, or any officer, appointee or employee thereof, the notice of claim shall comply with and be served in accordance with the provisions of this section within ninety days after the claim arises; except that in wrongful death actions, the ninety days shall run from the appointment of a representative of the decedent’s estate.”
The claim accrued on March 19,1981, the date that the sum in question was seized. Accordingly, the notice of claim should have been filed within 90 days, that is, on or before June 10, 1981. However, the notice of claim was not filed till February 24, 1984.[2] Again, as previously stated by the court, the time commenced to run, not when the leave to appeal was denied, but rather, at an earlier point in time — here, when the cash was seized.
Based upon all of the above, the court finds that the plaintiff has failed to state a cause of action and, accordingly, grants the motion to dismiss.

. The notice of claim seeks an amount of $8,295.

. The plaintiff has not alleged that permission to file a late notice of claim was ever obtained. Accordingly, the court finds that no permission was ever granted.