■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE LACEND, Appellant

On October 4, 1985, defendant and a companion entered a card shop in Manhattan and confronted the sales clerk. Defendant pointed a pistol at her, demanding money, and, when she refused to comply, he hit her in the head with the gun, causing serious injury. He then grabbed a necklace that the clerk was wearing and yanked it off her neck. Her screams finally caused the perpetrators to flee. After bystanders alerted a passing patrol car, defendant and his associate were apprehended by the police less than a block away. Defendant's weapon, a loaded and operable .25 calibre automatic, was

recovered from under a truck along the escape route, and four live rounds of ammunition were discovered in his pocket. Both defendant and his accomplice were identified by the victim only minutes after the crime. The two men, who were thereafter indicted for three counts of robbery in the first degree, two counts of robbery in the second degree and criminal possession of a weapon in the third degree, eventually decided to plead guilty. According to the negotiated agreement, defendant would plead guilty to attempted robbery in the first degree in satisfaction of the indictment against him. The promised sentence was a term of imprisonment of from 4 to 8 years. Thus, on September 15, 1986, defendant was held to be a second violent felony offender and received the agreed-upon sentence. On appeal, defendant challenges his adjudication as a second violent felony offender and contends, moreover, that this court should resentence him to the minimum permissible term applicable to a second felony offender.

The People concede that defendant's prior conviction for attempted sexual abuse in the first degree is not a designated violent felony offense and that, therefore, his status as a predicate violent felon must be modified to that of a predicate felon. However, the prosecution sharply disputes defendant's claim that because the 4-to-8-year sentence which he received is the mandatory minimum term permissible for a predicate violent felon, it follows that the parties to the plea bargain, as well as the Judge, intended to impose the minimum sentence upon defendant. Indeed, an examination of the record herein fails to provide any support for defendant's position. There was no mention at either the plea proceedings or sentencing that 4 to 8 years was the minimum possible sentence, and defendant acknowledged that the only promise which had been made to him was that he would be sentenced to 4 to 8 years' incarceration. Further, it appears that contrary to defendant's assertion that the court would have been amenable to imposing a more lenient sentence, the Judge regarded defendant and his accomplice as being extremely "lucky" in the outcome of the case against them. In truth, considering defendant's extensive previous criminal involvement, including 12 arrests and 7 convictions as an adult, and the violent nature of the instant offense, defendant can hardly be viewed as the ideal subject for a minimum sentence. Consequently, while defendant was improperly found to be a predicate violent felony offender, the sentence which he received was within the legal limits for a second felony offender (Penal Law § 70.06). However, the matter will be remanded so that the

trial court can have an opportunity to determine whether defendant's changed predicate status should affect the sentence imposed upon him. Concur—Murphy, P. J., Sandler, Sullivan, Asch and Milonas, JJ.