■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN VAN DER SLUYS, Appellant.—Casey, J. P. Appeal from a judgment of the County Court of Saratoga County (Lomanto, J.), rendered October 3, 1986, convicting defendant upon his plea of guilty of the crime of manslaughter in the first degree.

Three of defendant's infant children died under circumstances that were labeled suspicious by law enforcement authorities. Heath, born May 26, 1975, died in his crib on October 10, 1976 of asphyxiation due to a coin being lodged in his throat. Heather, born October 22, 1976, died in her crib January 7, 1977 of sudden infant death syndrome, or crib death. Both of these deaths occurred in Onondaga County, where defendant was then living. Vickie, born October 14, 1977, died in her crib on January 12, 1979 of crib death. At this time defendant and his wife and family were residing in Saratoga County. The investigations underlying the deaths were dormant when, on April 13, 1985, State Police Investigator Robert Beswick contacted defendant in Ontario County, where he was then living, in regard to a rape charge. Defendant cooperated with Beswick, who gained defendant's confidence, and defendant subsequently entered a guilty plea to the rape charge in July 1985. After defendant was sentenced by the County Court of Ontario County in August 1985, Beswick advised detectives from the City of Syracuse that the rape charge had been disposed of, and the detectives went to the

Ontario County jail where Beswick introduced them to defendant. In response to the detectives' inquiries as to whether any charges were pending against him or if he was represented by an attorney, defendant answered, "No." During the course of the subsequent investigation by the Syracuse detectives and the State Police, defendant made statements implicating himself in the deaths of his children. Before he made these statements defendant had been fully informed of his *Miranda* rights, and he stated that he understood his rights and waived them.

Defendant was convicted of one count of murder in the second degree in the County Court of Onondaga County relative to the death of his daughter Heather. In the judgment presently before us on this appeal, defendant was convicted of manslaughter in the first degree, relative to the death of his daughter Vickie in the County Court of Saratoga County based upon his plea of guilty to that crime as a lesser included offense of murder in the second degree, and he was sentenced to an indeterminate term of imprisonment of 8⅓ to 25 years. On this appeal, defendant argues two issues for reversal of that conviction.

Initially, defendant contends that the statements given to the Syracuse detectives and State Police Investigator Donald Wentworth were involuntary and should have been suppressed. We agree with the findings of the County Court of Saratoga County that defendant was intelligent, had prior criminal experience and was serving a one-year sentence in the Ontario County jail on a prior unrelated statutory rape charge, and at the time of his questioning was not represented by an attorney and had no prior charges pending against him which would put the officers on notice of his representation by an attorney *(see, People v Colwell,* 103 AD2d 169, 171-172, *affd* 65 NY2d 883). We therefore conclude that the waiver of defendant's *Miranda* rights was not precluded by the absence of an attorney *(see, People v Robles,* 72 NY2d 689).

In regard to defendant's claim that the statements given were involuntary, we find that the *Miranda* warnings were effectively given and repeated to defendant on at least three occasions, and that he indicated a complete understanding of his rights and effectively waived them. The statements of defendant were properly ruled voluntary and admissible. Defendant's conviction should therefore be affirmed.

Judgment affirmed. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.