Steven **GENTILE** & William **Rydstrom,** Plaintiffs,

v.

**COUNTY OF SUFFOLK, Robert Sisino, Clifford Christ, Alan Prim, Michael Rogers,** Defendants.

No. CV–87–2359.

United States District Court, E.D. New York.

May 5, 1989.

See also 121 F.R.D. 180.

James I. Meyerson, New York City, for plaintiffs.

Debra A. Urbano, Asst. County Atty., Hauppauge, N.Y., for County of Suffolk.

## REVISED MEMORANDUM AND ORDER

WEINSTEIN, District Judge.

Plaintiffs allege that defendants Christ, Prim, Rogers and Sisino were acting in their official capacity as police officers when they violated plaintiffs' constitutional and civil rights. They also assert state-based claims for false imprisonment, intentional infliction of emotional distress, conspiracy, prima facie tort and malicious prosecution. Defendants counterclaim for assault and intentional infliction of mental distress.

Cross-motions to dismiss on statute of limitations and other grounds are before the court. Fed.R.Civ.P. 12(b)(6). Plaintiffs admit that all their claims are barred, except for those based upon assault and malicious prosecution. Defendants admit that the malicious prosecution-based claim is timely. Thus, the issues to be resolved are the timeliness of defendants' counterclaims, and the timeliness of plaintiffs' claim based upon assault.

### I. FACTS

On July 28, 1981, plaintiffs Gentile and Rydstrom were involved in a fight at the Pioneer Diner in Smithtown, Suffolk County, with defendants Sisino, Christ and Rogers, among others. At that time, Sisino, Christ and Rogers were members of the Suffolk County Police Department.

On July 31, 1981, the plaintiffs were arrested and charged with two counts of robbery and three counts of assault against Sisino, Christ and Rogers. An initial trial of the criminal matter resulted in a mistrial on May 19, 1982 and dismissal of the indictments.

The Appellate Division, Second Department, reinstated the indictments on August 29, 1983, and a second jury trial was held. On April 4, 1985, the jury found plaintiff Rydstrom guilty of assault, and plaintiff Gentile guilty of robbery. Gentile and Rydstrom were sentenced on June 10, 1985 and October 15, 1985, respectively.

The convictions were reversed and acquittals ordered by the Appellate Division,

Second Department, on February 9, 1987. Thereafter, on July 10, 1987, the plaintiffs instituted this action. On October 16, 1987 the defendants counterclaimed, relying upon the 1981 fight at the diner. Plaintiffs contend that the counterclaims are time-barred because the one year statute of limitations began running at the date of sentencing, October 15, 1985.

## II.  THE LAW

### A.  Statute of Limitations on Counterclaims

■ The counterclaims are governed by the one-year intentional tort statute. N.Y. C.P.L.R. § 215. Section 215(8) of the New York Civil Practice Law and Rules permits an action to be brought within "one year from the termination of the criminal action as defined in section 1.20 of the criminal procedure law." Subdivision 16(c) of section 1.20 defines "termination" as the date of "sentence or some other *final disposition in a criminal court* of the last accusatory instrument filed in the case." (Emphasis supplied.) The dispositive question is whether the sentence or the decision on the appeal is considered the final disposition in a criminal court for purposes of section 215(8).

Under New York law the answer to this question depends upon whether the Appellate Division of the Supreme Court of the State of New York is a criminal court within the meaning of section 1.20 subdivision 16(c). N.Y.C.P.L. § 10.10 defines criminal court as including the Supreme Court of the State of New York but does not mention the Appellate Division. Under New York's constitution the Appellate Division of the Supreme Court, as its name implies, is a division of the state Supreme Court. N.Y. Const. art. VI, § 4(b). Members of the Appellate Division are all members of the Supreme Court. *Id.* They continue to have "powers of a justice of the supreme court" not inconsistent with their other duties. *Id.,* art. VI, § 4(j).

Despite this relation of the Appellate Division to the Supreme Court, the New York courts have held that the Appellate Division is not a criminal court within the meaning of C.P.L. § 1.20(16)(c). In *People v. Colwell,* 103 A.D.2d 169, 479 N.Y.S.2d 904, 906 (3rd Dept.1984) the court interpreted the term criminal court as used in N.Y.C. P.L. § 1.20(16)(c) as excluding the Appellate Division of the Supreme Court. In footnote 1 the court specifically mentioned that their ruling was made despite the fact that the Appellate Division is a division of the Supreme Court. The court stated that in jurisdictional statutes such as N.Y.C.P.L. § 1.20, references to the Supreme Court do not necessarily include the Appellate Division. Likewise, in *Beck v. New York,* 133 Misc.2d 265, 507 N.Y.S.2d 129 (1986) the court, construing N.Y.C.P.L. § 1.20(16), determined that a criminal proceeding was terminated upon sentencing, not upon the disposition on appeal.

The application of these cases to the instant case renders the counterclaims time barred. The one year statute of limitations started to run from sentencing which occured in 1985, and the counterclaims were not asserted until 1987.

■ Nevertheless, N.Y.C.P.L.R. § 203(c) allows a time barred counterclaim to be asserted as a set off if it arose from the same "transactions, occurences, or series of transactions or occurences" which are the basis of the plaintiff's complaint. Plaintiff asserts that the malicious prosecution claim has its basis in law and therefore the counterclaims do not arise from the same occurance or transaction. In *Mastandrea v. State,* 57 A.D.2d 679, 393 N.Y. S.2d 817 (3rd Dep't.1977) the court held that an amended complaint alleging malicious prosecution grew out of the "same occurance which formed the basis for the original claim" of false arrest and false imprisonment and therefore related back to the time of the original pleading under NYCPLR § 203(e). Transaction and occurance should be interpreted similarly for both N.Y.C.P.L.R. § 203(c) and (e). The defendants counterclaims are considered to arise from the same transaction or occurance as the plaintiffs' claim. The counterclaims are allowable as a set off.

## B. Collateral Estoppel

■ Plaintiffs argue that the counterclaims should be dismissed under the doctrine of collateral estoppel. They contend that the issues now embodied in the counterclaims could have been tried in a negligence action brought by the State against the Pioneer Diner in June, 1982. An action involving different issues and other parties is not subject to collateral estoppel even if the claim in the second action and that in the first stem from the same incident. Restatement (Second) of Judgments § 34(3) (1980). The motion to dismiss the counterclaims on grounds of collateral estoppel must be denied.

## C. Requirement of Private Counsel

■ Plaintiffs' motion to require defendants to retain private counsel must also be denied. Plaintiffs argue that it is improper, under law and public policy, for the County Attorney of Suffolk County to represent the defendants in a private counterclaim. In the first place, it seems questionable whether the plaintiffs have standing to raise the issue. If there was and is a gift of Suffolk County funds plaintiffs can show no injury.

Second, the language of the Suffolk County Code provisions authorizing representation of peace officers is at most ambiguous. *See* Suffolk County Code §§ 35–3(A), (B), 35–4, 35–8, and C16–2. There is no reason for a federal court to question the power of the County Attorney of Suffolk County to protect members of the County police force. Suffolk County has an interest in the welfare of its officials and need not sit quiescent when they are attacked in diners or in court. *See, generally,* the excellent discussion of some of the problems facing police and municipalities by former Corporation Counsel of the City of New York, W. Bernard Richland, "Actions Against Police," N.Y.L.J., April 2, 1987, p. 1, col. 1. *See also Bates v. McKeon,* 650 F.Supp. 476 (D.Conn.1986) (right of police to counterclaim in civil rights suits). As Judge Cabranes indicated, "the law does not require that in a

court of law a police officer be relegated to the position of a sitting duck." *Id.* at 481.

It makes good tactical sense for a County Attorney to have the option of prosecuting counterclaims. Often the assertion of a counterclaim will lead to the settlement, reduction or withdrawal of the claim against the County or against individuals employed by the County. It is desirable to have the entire case, if the defendants wish it, in the hands of a single attorney. Moreover, it is generally useful to keep the number of attorneys in the case to a minimum for smooth court administration.

Pending a contrary determination by the state of New York, the court will rely upon the view of the County Attorney of Suffolk County with respect to the scope of his powers.

There is no conflict of interest. No persuasive reason in ethics or in law has been presented to require private counsel.

## D. Statute of Limitations Governing Claims of Plaintiffs

Causes of action arising in New York under 42 U.S.C. § 1983 are governed by a three-year statute of limitations. *Okure v. Owens,* 816 F.2d 45 (2d Cir.1987), *aff'd,* —— U.S. ——, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). The date of accrual for federal claims is "that point in time when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Singleton v. City of New York,* 632 F.2d 185, 191 (2d Cir.1980), *cert. denied,* 450 U.S. 920, 101 S.Ct. 1368, 67 L.Ed. 2d 347 (1981).

■ Some plaintiffs' causes of action accrued on July 28, 1981, the date of the incident at the diner. Others accrued on July 31, 1981, the date of plaintiffs' arrest. These claims became time-barred at the latest on July 28 and July 31, 1984, respectively. They were not filed until July 10, 1986, long after the statute of limitations had run.

Plaintiffs assert that N.Y.C.P.L.R. section 215(8) saves their assault claim by tolling the statute of limitations for that claim to the time of termination of the

**728**

criminal action. Section 215(8) of the C.P.L.R., discussed above, does extend the time to file a civil action while there is a pending criminal action. This provision was passed, however, to protect the victims of a crime (here, the alleged robbery and alleged assault on the officers), not the alleged perpetrators of that crime. It permits apparent victims to await the criminal trial of those that allegedly have injured them by criminal acts before suing in civil court. *See Von Bulow by Auersperg v. Von Bulow*, 634 F.Supp. 1284, 1299 (S.D.N.Y.1986). Section 215(8) may not be used for the plaintiffs' benefit in the present case. Their assault claim must be dismissed as untimely.

### E. Leave to Amend the Complaint

■ Plaintiffs move to amend their complaint to include a claim for abuse of process. The defendants contend that the motion is made in bad faith, and after undue delay.

While the amendment comes late in the proceedings and after undue delay in view of the length of time the case has been pending, evidence on this will be permitted at trial. Plaintiff may move at the trial to conform the pleadings to the evidence.

### III. CONCLUSION

Defendants' counterclaims are time barred by the statute of limitations, but are allowed as a set off to plaintiffs' claims. Plaintiffs' claims are all time-barred, except for the claim based upon malicious prosecution and, possibly, abuse of process. Plaintiff may introduce evidence on the abuse of process issue at trial and move to conform the pleadings to the evidence.

So Ordered.