OPINION OF THE COURT
Herbert A. Posner, J.
On February 14, 1988, the defendant was convicted of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and was sentenced as a predicate felony offender to a concurrent indeterminate sentence of 7 to 14 years on each count. On April 1, 1991, the judgment of conviction and sentence were affirmed and leave to appeal to the Court of Appeals was denied on July 8, 1991. The defendant now moves to vacate the judgment and sentence pursuant to CPL article 440.
With one exception, the grounds raised by the defendant do not merit consideration since they were either previously determined on appeal or the defendant unjustifiably failed to raise them. (See, CPL 440.10 [2].) The exception concerns the fact that at the time of his sentence, the defendant’s criminal record included two prior felony convictions, both of which were mentioned by the Probation Department in its sentence report and recommendations, and were considered by the court in imposing sentence. One of these was a conviction in New York County on May 21, 1986 for attempted criminal sale of a controlled substance in the third degree. The other conviction was in Queens County on November 24, 1987 for attempted criminal possession of a controlled substance in the fifth degree. The Queens County conviction was reversed and dismissed by the Appellate Division on November 13, 1990. The defendant contends that since the sentence imposed upon him in this case was predicated upon the fact that he had two prior felony convictions, one of which has since been dismissed, the sentence should be vacated and he should be resentenced to a lesser term of imprisonment.
The reversal of the defendant’s prior Queens County felony conviction occurred just a few months before his appeal in this case was heard. As a result, the issue now raised by the defendant regarding his sentence was not considered by the Appellate Division upon the defendant’s appeal from the judgment in this case. Therefore, the defendant is not precluded from raising the issue on this motion. (CPL 440.20; see also, Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 440.20, at 411.)
*360 This court cannot change the defendant’s sentence, which has already commenced if "such sentence is in accordance with law.” (CPL 430.10.) However, as noted in People v Turner (47 AD2d 564, 565), this provision in CPL 430.10 is prefaced by the phrase, "Except as otherwise specifically authorized by law.” The specific exception is found in CPL 440.20 which, in providing for postjudgment relief, states that: "1. At any time after the entry of a judgment, the court in which the judgment was entered may, upon motion of the defendant, set aside the sentence upon the ground that it was unauthorized, illegally imposed or otherwise invalid as a matter of law.” (Emphasis added.)
Subdivision (1) of CPL 450.30, enacted in 1970, defines a sentence as "invalid as a matter of law not only when the terms thereof are unauthorized, but also when it is based upon an erroneous determination that the defendant had a previous valid conviction for an offense”. Moreover, the courts possess a common-law "power * * * to correct errors or mistakes concerning sentences.” (People v Minaya, 54 NY2d 360, 364; see also, People v Wilson, 56 NY2d 613.)
It is well settled that a defendant mistakenly sentenced as a predicate felony offender must be resentenced. (See, People ex rel. Hirschberg v Orange County Ct., 271 NY 151; People v Stinson, 151 AD2d 842; People v Colwell, 103 AD2d 169.) More recently, it has been held that a defendant sentenced as a violent felony offender, who is really only a second felony offender, is also entitled to be resentenced, despite the fact that the sentence imposed would also have been authorized for a second nonviolent felony offender. (People v Lacend, 140 AD2d 243; People v Falk, 108 AD2d 925.) This is for the reason that "the defendant is entitled to be sentenced in accordance with the law applicable to his case.” (People v Grate, 122 AD2d 853, 856, lv denied 68 NY2d 1000.)
In this case, the felony conviction upon which the defendant was arraigned as a predicate felony offender was the valid New York County conviction and not the Queens County conviction that was later reversed. Therefore, the sentence imposed on the defendant, as a predicate felony offender, was not "based upon an erroneous determination that [he] had a previous valid conviction.” (CPL 450.30 [1].) The defendant was sentenced based upon a prior felony conviction that has not been disturbed and the sentence imposed upon him is "in accordance with law.” (CPL 430.10.) As a result, this court is powerless to reduce the defendant’s sen *361 tence, although the fact that he had two prior felony convictions, and not just one, entered into the decision to sentence him to an indeterminate term of imprisonment of 7 to 14 years concurrent on each count.
When the Appellate Division affirmed the defendant’s conviction, they stated that the sentence imposed was "neither harsh nor excessive” (172 AD2d 636, 637 [2d Dept 1991]). It is quite likely that in arriving at this conclusion, they took into consideration (as this court did) the fact that the defendant had two prior felony convictions. In fact, the defendant could have been sentenced to a life term as a persistent felon under Penal Law § 70.10. However, if the defendant had only one prior felony conviction, the Appellate Division may very well have considered the sentence to be "harsh or excessive.” If the defendant had only one prior felony, this court would probably have sentenced him to 5 to 10 years, instead of 7 to 14.
Clearly, there should be some relief for this defendant and others who may find themselves in the same predicament. This court recommends a statutory enactment which would permit resentence of such defendants by the court which imposed the original sentence. Until such a change in the law occurs, the defendant must apply to the Appellate Division which is empowered to reduce a sentence, "as a matter of discretion and in the interest of justice.” (People v McNeal, 86 AD2d 578.) Accordingly, the court denies the defendant’s motion and assigns Steven A. Feldman, Esq. of 1200 Veterans Memorial Highway, Hauppauge, New York 11788, as counsel, pursuant to article 18-B of the County Law, to represent the defendant and he is directed to make an application on behalf of the defendant to proceed as a poor person.